Charles BAILEY, Plaintiff-Appellant,

v.

Gordon FAULKNER, Department of Corrections, and G.B. Valdez, Defendants-Appellees.

No. 84–2844.

United States Court of Appeals, Seventh Circuit.

Submitted April 18, 1985.

Decided June 19, 1985.

Joseph M. Kalday, Leg. Asst., Michigan City, Ind., for plaintiff-appellant.

Jay Rodia, Deputy Atty. Gen., Indianapolis, Ind., for defendant-appellee.

Before BAUER, WOOD and POSNER, Circuit Judges.

POSNER, Circuit Judge.

In 1983 the plaintiff, an inmate in an Indiana state prison, brought this pro se civil rights suit under 42 U.S.C. § 1983 against the Commissioner of the Indiana Department of Corrections, Gordon Faulkner, and against one G.B. Valdez. The suit alleges that Valdez was an imposter doctor whose testimony at the plaintiff's criminal trial in 1972 resulted in the plaintiff's being convicted and imprisoned. He seeks damages as well as other relief against what he terms an unconstitutional imprisonment. The district judge dismissed the suit as barred by the statute of limitations, and the plaintiff appeals.

■ The state statute of limitations that the federal courts must borrow in a section 1983 suit is the statute of limitations for personal-injury suits, *Wilson v. Garcia,* —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), which is two years in Indiana, Ind. Code § 34–1–2–2. Applied here, a two-year limitation would have barred this suit sometime in 1974, nine years before it was brought; except that we may assume (without having to decide) that the plaintiff could have waited till 1979 to sue, because he says he did not learn, and could not have learned, of the imposture until 1977. But his suit, filed in 1983, would still be untimely, were it not for a provision of Indiana law that gives a person "under legal disabilities" two years after the disability is removed to bring suit. Ind.Code § 34–1–2–5. Until 1982, a state prisoner was deemed to be "under legal disabilities" for this purpose. Ind.Code. § 34–1–67–1(6). This provision, hopelessly archaic in an era when the ready access of prisoners to the courts, state and federal, is constitutionally guaranteed by cases such as *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), was repealed that year. Ind.P.L. 200, § 1 (1982).

■ As an original matter, one might question the applicability of Indiana's (now repealed) prisoner tolling provision to a suit

filed in federal court in 1982, given the broad and easy access that state prisoners have had to federal court for many years now. It was on this basis that the Fifth Circuit in *Miller v. Smith*, 615 F.2d 1037 (5th Cir.1980), refused in a section 1983 case to borrow a tolling provision of Texas law that is just like the Indiana tolling provision at issue in this case. There is contrary precedent in this circuit, however, and in several others. See, e.g., *Duncan v. Nelson*, 466 F.2d 939, 941–42 (7th Cir.1972); *Whitson v. Baker*, 755 F.2d 1406 (11th Cir.1985) (per curiam). In fact *Miller* stands alone. Although the approach of *Wilson v. Garcia*, in treating the issue of borrowing as a federal question to be resolved in accordance with the needs and circumstances of federal litigation, supports *Miller*, there is dictum in *Wilson* which suggests that when a federal court borrows a state statute of limitations, it should borrow any applicable tolling provisions along with the period of limitations itself. See —— U.S. ——, and n. 17, 105 S.Ct. at 1943 and n. 17. But what places the correctness of *Duncan v. Nelson* beyond question is the Supreme Court's decision in *Board of Regents v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980), which holds that when a federal court borrows a state statute of limitations to do service in a suit under section 1983, it must borrow the tolling provisions as well; and though tolling while the plaintiff is a prisoner was not in issue in *Tomanio*, we cannot see any reasonable basis for distinguishing the case on that ground. The only basis on which the Court in *Tomanio* was willing to consider not borrowing a tolling provision was if it would produce results inconsistent with the policies underlying section 1983, and we cannot say that a provision that gives a prisoner more time than he would otherwise have (or deserve) in which to bring a suit under that section would be inconsistent with the policies of section 1983. Although as we have said the recent *Wilson* case suggests a somewhat more flexible approach, the issue in that case was different and we cannot believe that *Tomanio* is no longer good law.

See also *Suslick v. Rothschild Securities Corp.*, 741 F.2d 1000, 1005 (7th Cir.1984). Finally, the repeal of the disability in 1982 cannot help the state, because a plaintiff has two years to sue after the removal of a disability, and this suit was brought within two years of the repeal.

■ However, there is an alternative ground on which the district judge must be affirmed. Faulkner submitted an affidavit stating that he had not been hired as Commissioner of Corrections till 1977 and that before then he had had nothing to do with the Department of Corrections or the Department of Mental Health. The affidavit was not contradicted, though the plaintiff was duly notified of his opportunity to do so, and that he had to do so to stave off summary judgment. See *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir.1982). We therefore take the affidavit to be true, and it negates any possible liability on Faulkner's part for the allegedly negligent hiring of an imposter to testify in 1972 against the plaintiff. The other defendant, Valdez, apparently was never served, and he has made no appearance in the case. The parties have treated Faulkner as the only defendant.

■ Faulkner cannot be retained as a defendant on the theory that he is just the successor to whoever was in charge of the Department of Mental Health or the Department of Corrections back in 1972—that he is being sued in his official capacity, which means, the agency is being sued. Retention would be appropriate if the plaintiff were trying to hold either Department liable under the principle of *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). However, as that decision makes clear, a state agency is not liable on a theory of respondeat superior for civil rights violations by its employees. The agency must be culpable in its own right, for example by having a policy of violating such rights. See also *City of Oklahoma City v. Tuttle*, —— U.S. ——, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985). The plaintiff suggests nothing of that sort. His theory is that someone carelessly hired

the (alleged) imposter, Valdez. He has never named the someone as a defendant.

■ We note that, read liberally, the complaint seeks freedom from imprisonment, as well as damages. The former cannot be obtained in a civil rights suit, but can in a habeas corpus proceeding, and there is no statute of limitations in federal habeas corpus. Apparently the plaintiff has not yet tried this route. Faulkner would of course be the proper respondent in such an action, as the plaintiff's custodian. But the complaint cannot be read as seeking habeas corpus, not only because it seeks damages as well as release from custody but also, and more important (since the damages claim, being clearly insubstantial in view of the failure to name the proper defendant, could simply be ignored), because the plaintiff has failed to exhaust his state remedies, as he must do before he can seek federal habeas corpus. The judgment dismissing this action must therefore be

AFFIRMED.