**Mary J. WEGRZYN, Plaintiff,**

v.

**ILLINOIS DEPARTMENT OF CHILDREN AND FAMILY SERVICES, and Gordon Johnson, individually, Thomas Ward; Martin Lohmann; Joan Kelly; and William St. Arnold, Defendants.**

**No. 85–1216.**

United States District Court,
C.D. Illinois,
Peoria Division.

Jan. 30, 1986.

---

Patricia Benassi, Peoria, Ill., for plaintiff.

Barbara Collins, Asst. Atty. Gen., Springfield, Ill., for defendants.

## ORDER

MIHM, District Judge.

This case is before the Court on the Defendants' motion to dismiss the suit against the Defendants Lohmann, Ward, St. Arnold, and Kelly as barred by the statute of limitations. The motion to dismiss raises two issues with regard to the statute of limitations question. The first issue is what is the appropriate statute of limitation for a civil rights action brought in Illinois pursuant to 42 U.S.C. § 1983 in light of the Supreme Court's decision in *Wilson v. Garcia,* —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). The second issue is whether the Court should give the statute of limitation retroactive or prospective relief if the Court decides that the appropriate limitation period under *Wilson* represents a change from past law.

The Plaintiff, Mary J. Wegrzyn, filed her original complaint on April 30, 1985. The complaint contained two counts. Count I was a Title VII count claiming sex discrimination by the Department of Children and Family Services (DCFS) against the Plaintiff. Count II was a claim against Defendant Gordon Johnson, Director of DCFS, alleging that Johnson had defamed the Plaintiff by publicly announcing that the Plaintiff and a co-worker had been fired by DCFS and that DCFS had taken other disciplinary action against the Plaintiff and the co-worker because of the death of a child.

On August 28, 1985, the Plaintiff filed her first amended complaint which included five counts. Like the original complaint, the amended complaint asserts claims against the DCFS and the Defendant Gordon Johnson. The first amended complaint also asserts claims against the individual Defendants Thomas Ward, Martin Lohmann, Joan Kelly, and William St. Arnold, who were not named in the original complaint.

Count I of the first amended complaint is a 42 U.S.C. § 1983 claim based upon the First and Fourteenth Amendments to the United States Constitution in which the Plaintiff alleges that the Defendants willfully and maliciously conspired to discriminate and retaliate against the Plaintiff as a result of her exercise of her free speech rights. Count II of the amended complaint is also brought under § 1983 and is a claim of sex discrimination brought pursuant to the Fourteenth Amendment to the United States Constitution. In count III of the complaint, the Plaintiff brought another § 1983 action in which she alleges that the Defendants did not give her pre-disciplinary hearings which meet the fundamental prerequisites of due process as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution. These first three counts of the amended com-

plaint were brought against the five individually named Defendants and the DCFS.

Count IV is a § 1983 action based upon the Fifth and Fourteenth Amendments to the United States Constitution in which the Plaintiff reasserts her allegations that Defendant Johnson had made defamatory statements about the Plaintiff to the news media. Count V is a Title VII action brought pursuant to 42 U.S.C. § 2000e *et seq.*, against the DCFS, alleging that the Defendant had harassed the Plaintiff because the Plaintiff opposed the unlawful employment practices to which her co-worker was subjected. The Defendants' motion to dismiss based upon the statute of limitations does not address these last two counts, nor the portions of the previous three counts brought against Defendant Johnson or the DCFS.

In their motion to dismiss Defendants Ward, Lohmann, Kelly, and St. Arnold, the Defendants take the position that the case of *Wilson v. Garcia*, ——— U.S. ———, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), establishes a two year statute of limitation for a civil rights action in the State of Illinois pursuant to Ill.Rev.Stat. ch. 110, ¶ 13–202 (1983). The Defendants point out that the Plaintiff admitted in her complaint that her employment with the DCFS ended on August 5, 1983. However, the Plaintiff did not file her amended action which, for the first time, named the Defendants Ward, Lohmann, Kelly, and St. Arnold, until August 28, 1985. The Defendants argue that the complaint alleges unconstitutional actions which occurred prior to August 5, 1983, when the Plaintiff left the DCFS. Therefore, the claims must be barred because they were not filed within the two year limitation period.

The Plaintiff responds to this argument in a number of different ways. First, the Plaintiff claims that her complaint states a continuing course of conduct in violation of 42 U.S.C. § 1983 which began in 1980 and continued through March, 1984. As a result of this continuing course of conduct, Plaintiff alleges that she has suffered damage to her reputation and career opportunities which occurred after she was forced to leave the DCFS. Because of this continuing course of conduct, the Plaintiff argues that the date of August 5, 1983, is not the date the Court should look at in determining when the statute of limitation began to run.

Second, the Plaintiff argues that the United States Supreme Court decision in *Wilson v. Garcia*, ——— U.S. ———, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), did not expressly mandate that Illinois use a two year statute of limitation for civil rights actions filed within the state. Rather, argues the Plaintiff, *Wilson* only requires that each state apply the most appropriate statute of limitation for civil rights actions. Civil rights actions encompass far more types of claims than just personal injury actions. Therefore, in Illinois, the most appropriate statute would be the five-year limitation period for "civil actions not otherwise provided for." Ill.Rev.Stat. ch. 110, ¶ 13–205 (1983).

Finally, the Plaintiff argues that even if the Court decides that the two year statute of limitation period is appropriate for civil rights actions in Illinois, the Court should refrain from applying it on the facts of this case because the statute would result in substantial inequities to the Plaintiff.

 The Court will address first the question of whether the statute of limitations for civil rights actions in Illinois is a two year or five year period. The Court has carefully considered the Supreme Court's decision in *Wilson v. Garcia*, ——— U.S. ———, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), and concludes that *Wilson* requires Illinois courts to apply the two year statute of limitation, according to Ill.Rev.Stat. ch. 110, ¶ 13–202 (1983). In the *Wilson* case, the Supreme Court held that to serve the remedial purposes of the civil rights statutes, each state should select the single most appropriate statute of limitation for all § 1983 claims brought within that state. The Court affirmed the Tenth Circuit's decision to characterize civil rights actions as tort actions to recover damages for personal injuries for the purpose of applying New

Mexico's three year statute of limitations governing actions "for an injury to the person or reputation of any person." N.M. Stat.Ann. § 37–1–8 (1978). In reaching this conclusion, the Court noted:

"[G]eneral personal injury actions, sounding in tort, constitute a major part of the total volume of civil litigation in the state courts today, and probably did so in 1871 when § 1983 was enacted. It is most unlikely that the period of limitations applicable to such claims ever was, or ever would be, fixed in a way that would discriminate against federal claims, or be inconsistent with federal law in any respect." 105 S.Ct. at 1949 (footnote omitted).

The Seventh Circuit has not yet ruled upon which Illinois statute of limitations would be most appropriate for application in § 1983 suits. However, the Seventh Circuit, in the case of *Bailey v. Faulkner,* 765 F.2d 102 (7th Cir.1985), gave some indication of how it would decide this matter. In *Bailey,* the Seventh Circuit said, "The state statute of limitations that the federal courts must borrow in a section 1983 suit is the statute of limitations for personal-injury suits, *Wilson v. Garcia,* —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), which is two years in Indiana, Ind.Code, § 34–1–2–2." 765 F.2d at 103.

Prior to the *Wilson* decision, the Seventh Circuit had held that actions brought pursuant to 42 U.S.C. § 1983 in Illinois were governed by the five year statute of limitation for "civil actions not otherwise provided for." *Beard v. Robinson,* 563 F.2d 331 (7th Cir.1977). Eight years later, though, after the Supreme Court's decision in *Wilson,* the Seventh Circuit in *Bailey* concluded rather matter-of-factly that the court should apply the Indiana statute of limitations for personal injury suits in a § 1983 suit in that state. The treatment of this issue in the *Bailey* case convinces this Court that when faced with the issue, the Seventh Circuit would hold that the *Wilson* case overruled the Seventh Circuit's prior decision in *Beard* and requires that federal courts in Illinois apply the Illinois two year

statute of limitation for "injury to the person." Ill.Rev.Stat., ch. 110, ¶ 13–202 (1983).

Furthermore, specific language in the *Wilson v. Garcia* case indicates that the federal courts in Illinois should use the two year personal injury statute of limitations in § 1983 actions. Throughout the *Wilson v. Garcia* decision, the Supreme Court alternated among referring to § 1983 actions as "a remedy for the violation of constitutional rights," actions "involving claims for personal injuries," "a general remedy for injuries to personal rights," and a remedy which encompasses "a broad range of potential tort analogies, from injuries to property to infringements of individual liberty." Despite these different characterizations, the Supreme Court concluded that under federal law, all § 1983 actions should be characterized as personal injury actions and that state law should be looked to for the statute of limitations appropriate for personal injury actions. In *Wilson,* the Court concluded that the applicable statute of limitation in New Mexico was the three year statute "for an injury to the person or reputation of any person" and rejected the argument that a § 1983 claim should be governed by the four year limitation period for "all other actions not herein otherwise provided for."

The *Wilson* Court considered and then expressly rejected the argument in favor of applying New Mexico's "catch all" period of limitations. The Court stated:

"The relative scarcity of statutory claims when § 1983 was enacted makes it unlikely that Congress would have intended to apply the catch all periods of limitations for statutory claims that were later enacted by many States. Section 1983, of course, is a statute, but it only provides a remedy and does not itself create any substantive rights." 105 S.Ct. at 1948.

When the Seventh Circuit announced its decision that the five year statute of limitations would apply to § 1983 actions in *Beard v. Robinson,* 563 F.2d 331 (7th Cir. 1977), the Court relied upon the rule in

*Wakat v. Harlib*, 253 F.2d 59 (7th Cir. 1958), which characterized a § 1983 action as a statutory cause of action for purposes of the Illinois five year statute of limitation. However, when the Supreme Court rejected the States' use of the catch all limitation periods for § 1983 actions, the Court made it clear that the reasoning underlying such decisions as *Beard* and *Wakat* was not correct. It seems clear to this Court that it is only a matter of time before the Seventh Circuit, in light of the *Wilson* decision, would overrule the actual holdings of *Beard* and *Wakat* as well. Therefore, this Court finds that the appropriate statute of limitations for a 1983 action brought in Illinois is the two year limitation period set forth in Ill.Rev.Stat. ch. 110, ¶ 13–202.

In reaching this decision, the Court notes that it has considered the decision rendered by Judge Shadur in the case of *Shorters v. City of Chicago*, 617 F.Supp. 661 (N.D.Ill. 1985), in which Judge Shadur concluded that the five year statute of limitation of § 13–205, Ill.Rev.Stat. ch. 110 (1983), should apply to § 1983 actions brought in the State of Illinois. Although the decision is well-reasoned and very persuasive, this Court disagrees with the result of the decision because it places too much emphasis upon the state's own characterization of what is meant by "injury to the person." Judge Shadur's opinion also completely disregards the Supreme Court's explicit rejection of the use of catch all periods of limitation for statutory causes of action in § 1983 cases.

Judge Shadur's opinion in *Shorters v. City of Chicago* also addressed the issue presented in this motion to dismiss of whether a complaint filed shortly after the *Wilson* decision but more than two years after the cause of action had accrued is barred, even though it would have been timely filed under the pre-existing limitations rule of *Beard v. Robinson*, 563 F.2d 331 (7th Cir.1977). This Court does agree with Judge Shadur's alternate conclusion that the effect of the *Wilson* decision was to change the rule of *Beard v. Robinson*, which had established that the statute of limitation in § 1983 suits filed in Illinois was five years. Therefore, this Court must decide whether to apply this new principle of law retroactively.

In the case of *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), the Supreme Court listed a number of factors to be examined by a court when deciding whether the court should apply a principle of law retroactively or prospectively only. Although the *Chevron Oil* case involved a cause of action which the Plaintiff had filed prior to the Supreme Court's announcement of a shortened statute of limitations for that particular cause of action, the factors listed by the Supreme Court are of aid to the analysis of the statute of limitations problem posed by the facts of this case in which the Plaintiff filed her cause of action just slightly beyond the newly announced statute of of limitations period. The separate factors listed by the Court in *Chevron Oil* which a court is to consider are: the extent to which the decision establishes a new principle of law; the merits in each case and whether, in light of the prior history, purpose, and effect of the rule in question, retrospective application of the rule would further or retard its operation; and the amount of injustice or hardship which would be imposed by retroactive application of the new rule. 404 U.S. at 106–07, 92 S.Ct. at 355–56. Because of the clarity with which the *Beard* court set out the Illinois five year limitations period as the statute of limitation for § 1983 actions in Illinois, and in light of the other factors listed above, this Court concludes, as did Judge Shadur in *Shorters v. City of Chicago*, that the *Wilson* rule should not be applied to bar the Plaintiff's cause of action in this case.

The case of *Texaco, Inc. v. Short*, 454 U.S. 516, 102 S.Ct. 781, 70 L.Ed.2d 738 (1982), provides further support for the conclusion that the Plaintiff's cause of action should not be barred by the two year statute of limitations. In a footnote in *Texaco*, the Supreme Court discussed the constitutionality of implementing statutes

of limitation through legislation, saying, "[T]his Court has often cited that statutes of limitation affecting existing rights are not unconstitutional, if a reasonable time is given for the commencement of an action before the bar takes effect." 454 U.S. at 527 n. 21, 102 S.Ct. at 791 n. 21.

As Judge Shadur suggests in his decision in *Shorters*, a similar analysis can be used under the facts of the present case. Not only should the Court decline to apply the *Wilson* two year statute of limitation retroactively, but it should also allow Plaintiffs who had relied upon the previous five year statute of limitation a reasonable time after the change in the law in which to file their suits. A court must make the decision of what is a reasonable time for filing upon the particular facts of each case, and in this case the Court recognizes that its decision regarding "reasonable time" must take into account the fact that the Plaintiff already had an attorney and a complaint on file prior to filing her amended complaint in late August, 1985. Nevertheless, the Court concludes that it would be unnecessarily strict to say that the four months between the date of the *Wilson* decision and the Plaintiff's filing of her amended complaint is an unreasonable length of time.

Therefore, the Court orders that the Defendants' motion to dismiss count I, II, and III against the Defendants Thomas Ward, Martin Lohmann, Joan Kelly, and William St. Arnold on the grounds that the claims against them are barred by the statute of limitations is DENIED.