962 F.2d 10
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert Lee FULTZ, Plaintiff-Appellant,
v.
Jack R. DUCKWORTH, Warden, Harlan C. Hicks, Patricia A.
Ravinet, et al., Defendants-Appellees.
 No. 91-1928.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 24, 1992.*
Decided May 8, 1992.
 
 1
 Before RIPPLE and MANION, Circuit Judges and GRANT, Senior District Judge**
 
 ORDER
 
 2
 Robert Fultz, appearing pro se, appeals the district court's dismissal of his complaint filed under 42 U.S.C. § 1983. We affirm the judgment of the district court.
 
 
 3
 Mr. Fultz, a state inmate at Indiana's Westville Correctional Center, was released from custody on July 15 or 16, 1988.[1] On September 13, 1990, he filed a civil rights complaint under 42 U.S.C. § 1983 against Jack Duckworth, former Superintendent of Indiana State Prison, and five present or former Indiana Parole Board members. The complaint alleged that the defendants violated his constitutional rights by refusing to release him from confinement on May 7, 1987, after he "had successfully completed serving his commitment."[2]
 
 
 4
 The district court found that Mr. Fultz's action was barred by Indiana's two-year statute of limitations for personal injury suits. It noted that the plaintiff's injury allegedly began on May 7, 1987 and lasted until his release on July 16, 1988, and that his complaint was filed more than two years later. Accordingly, the court granted the defendants' motion to dismiss for failure to state a claim upon which relief may be granted.
 
 
 5
 Before this court, Mr. Fultz argues that the statute of limitations should be counted from September 13, 1988, the date on which the Indiana Court of Appeals reversed and remanded the trial court's denial of his petition for post-conviction relief.[3] He claims that, by that decision, he was "alerted" that he in fact "had been harmed by defendants [sic] actions."[4]
 
 I.
 
 6
 When reviewing a complaint that was dismissed by the district court under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the appellate court must accept as true all the plaintiff's well-pleaded factual allegations and consequent inferences, and will affirm the dismissal only if the plaintiff failed to allege any set of facts upon which relief may be granted. Yeksigian v. Nappi, 900 F.2d 101, 102 (7th Cir.1990). Our review of the district court's judgment is de novo. New Burnham Prairie Homes v. Village of Burnham, 910 F.2d 1474, 1477 (7th Cir.1990). The question before this court is whether the plaintiff's action is barred by the statute of limitations.
 
 
 7
 Federal courts apply the state statute of limitations for personal injury actions when determining the timeliness of a § 1983 claim. Wilson v. Garcia, 471 U.S. 261, 269, 105 S.Ct. 1938, 1943, 85 L.Ed.2d 254 (1985). Where state law provides multiple statutes of limitations for personal injury actions, courts should follow the general or residual personal injury statute. Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 582, 102 L.Ed.2d 594 (1989).
 
 
 8
 The Indiana statute of limitations allows two years for claims of injuries to the person. See Ind.Code § 34-1-2-2 (1983 & 1991 pocket part); Coopwood v. Lake County Community Dev. Dept., 932 F.2d 677, 678 (7th Cir.1991). The claim must be brought within two years after the cause of action has accrued; and courts must determine when the cause of action accrues. Autocephalous Greek-Orthodox Church v. Goldberg & Feldman Fine Arts, 917 F.2d 278, 288 (7th Cir.1990). The accrual date is either the date on which the wrong that injures the plaintiff occurs, or a later date when the plaintiff discovers that he has been injured. Cada v. Baxter Healthcare Corp., 920 F.2d 446, 450 (7th Cir.1990), cert. denied, 111 S.Ct. 2916 (1991). To determine the proper accrual date, therefore, courts follow the "occurrence rule" or the "discovery rule."
 
 A.
 
 9
 Mr. Fultz's position is that, under the "discovery rule," the limitations period should begin on September 13, 1988, the date he "discovered" that he had been harmed by the parole board. He relies on Barnes v. A.H. Robins Co., Inc., 476 N.E.2d 84, 86 (Ind.1985), an Indiana Supreme Court decision that adopted the discovery rule for determining accrual when the plaintiff's injury resulted from "protracted exposure to a foreign substance." Barnes, 476 N.E.2d at 85. It established that the statute of limitations begins when "the plaintiff knew or should have discovered that she suffered an injury ... and that it was caused by the product or act of another." Id. at 87-88. Mr. Fultz cites this case to bolster his position that only after the decision by the Indiana appellate court was he "alerted" that he could file his claim.
 
 
 10
 This position is neither viable nor credible. Certainly Mr. Fultz did not discover for the first time on September 13, 1988, two months after his release from custody, that he suffered an injury. He believed he was entitled to release on May 7, 1987, and the appellate court's decision "alerted" him to the possibility that he might be right. However, he had recognized the possible link between his parole revocation and his prolonged incarceration when he filed his petition for post-conviction relief in the Indiana trial court, long before the Indiana appellate court's decision. Receiving confirmation in the September 1988 order of what the appellant had considered an injury in May 1987 does not give Mr. Fultz the benefit of the longer limitations period, for the discovery rule emphasizes knowledge of a potential rather than actual link between the defendants' act and the injury. Miller v. A.H. Robins Co., 766 F.2d 1102, 1105-06 (7th Cir.1985). Mr. Fultz cannot claim September 13, 1988 as a date of discovery. In any case, irrespective of the state appellate court's decision concerning the erred parole revocation,[5] Mr. Fultz clearly alleges that he was harmed on May 7, 1987, when he was not released from custody, and that his injury was his incarceration beyond that date. We determine when a plaintiff's cause of action has accrued by focusing on the harmful act of which the plaintiff complains and by measuring the time of the limitations period from that act. See, e.g., Biddison v. City of Chicago, 921 F.2d 724, 727-28 (7th Cir.1991) (act is receipt of compensation denial notice); Kuemmerlein v. Madison Metropol. School District, 894 F.2d 257, 259 (7th Cir.1990) (act is receipt of layoff notice). We conclude that the statute must begin to run upon occurrence of the harm to Mr. Fultz, and uphold the district court's analysis that the injury to Mr. Fultz commenced on May 7, 1987 and continued through July 16, 1988. Loy v. Clamme, 804 F.2d 405, 407 (7th Cir.1986) (accrual measured from final day of imprisonment).
 
 B.
 
 11
 When federal courts borrow state statutes of limitations in § 1983 actions, they must borrow the tolling provisions of that state as well.[6] See Board of Regents, University of New York v. Tomanio, 446 U.S. 478, 488 (1980); Cada, 920 F.2d at 450-51; Bailey v. Faulkner, 765 F.2d 102, 103 (7th Cir.1985). The statute of limitations in personal injury actions is procedural rather than jurisdictional; therefore the limitations period is potentially subject to equitable tolling and equitable estoppel. Smith v. City of Chicago Heights, 951 F.2d 834, 839 (7th Cir.1992).
 
 
 12
 However, equitable estoppel is inapposite; no allegation was raised, and no facts in the record reflect, that the defendants took active steps to prevent Mr. Fultz from suing in time. Cada, 920 F.2d at 450. Equitable tolling is also inappropriate in this case. A plaintiff asserting equitable tolling must show that he could not obtain the information needed to decide whether his injury was due to the defendants' wrongdoing. Cada, 920 F.2d at 451. He must also prove that he exercised due diligence to obtain that information. Smith, 951 F.2d at 839. Mr. Fultz has not pursued either avenue. Nor has he shown that the Indiana Court of Appeals decision provided the desired information that his prolonged incarceration was due to defendants' wrongdoing. In any case, when he "discovered" on September 13, 1988 that the Indiana Court of Appeals found error in his parole revocation hearing, he still had almost eight months in which to file his claim before the statute of limitations expired. He offers no excuse for the delay. See Cada, 920 F.2d at 452. We conclude that none of the doctrines that estop the statute of limitations is available to Mr. Fultz.
 
 C.
 
 13
 Mr. Fultz also asserts that the date on the other end of the limitation, the § 1983 complaint filing date, should not be rigidly construed. He offers two cases for the proposition that complaints filed in good faith and not for dilatory purposes should not be dismissed. Jones v. Waters, 563 F.Supp. 817 (E.D.Pa.1983) calculates the timeliness of a filing from the date that the complaint was marked "received" rather than when it was filed. Gardner v. King, 464 F.Supp. 666 (W.D.N.C.1979), recommends that the filing requirement not be "applied with procrustean finality to § 1983 suits by prisoners, when to do so would fail to serve the ends of substantial justice." Id. at 668.
 
 
 14
 Although both cases urge judicial flexibility when considering the commencement of a § 1983 action, neither is helpful to Mr. Fultz's cause. Whether we look at September 13, 1990, the date on which the complaint was received by the Clerk of the Court, or December 19, 1990, the date on which it was officially filed, he cannot come within the two-year limitation. We conclude that Mr. Fultz's complaint was received and filed more than two years after his injury, which continued from May 1987 through July 1988.
 
 II.
 
 15
 We have accepted as true all of Mr. Fultz's well-pleaded factual allegations and the inferences therefrom. It is readily seen that the complaint was tendered to the court over two years after his claimed expiration of his sentence and after his actual discharge from incarceration. Because the events about which Mr. Fultz complains, the prolonged confinement, occurred over two years prior to the filing of the complaint, the district court's dismissal of Mr. Fultz's complaint is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 **
 Hon. Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation
 
 
 [1]
 Mr. Fultz asserts that he was released on July 16; however, the record of the Department of Corrections shows his discharge date as July 15. The one-day discrepancy is inconsequential
 
 
 [2]
 Mr. Fultz was serving an indeterminate sentence of 15 to 25 years for second degree murder and commission of a felony while armed, crimes committed while he was on parole. In the Indiana courts he challenged the parole board's revocation of his parole and its order that he serve his second sentence consecutive to the completion of the first. Before this court he claims that his release date should have been May 7, 1987, when he had served 12 1/2 years in "time class one."
 
 
 [3]
 The state appellate court found that, because of procedural errors in the appellant's parole revocation hearing, Mr. Fultz's parole had not been properly revoked. It therefore reversed the trial court's denial of Mr. Fultz's petition for post-conviction relief and remanded for a determination whether Fultz had completed his sentence. Fultz v. State of Indiana, No. 71AO4-8004-PC-106, R. 2 (Ind.App. Sept. 13, 1988)
 
 
 [4]
 Mr. Fultz presented the same argument to the district court in his Motion to Amend or Alter Judgment. The court denied his motion because that argument had no impact on the statute of limitations issue. "Mr. Fultz had been injured, and knew of his injury, more than two years before he filed this suit." See Fultz v. Duckworth, No. S90-616, R. 23 (N.D.Ind. Apr. 12, 1991)
 
 
 [5]
 We are not told the consequence of those proceedings; however, they are not part of the present § 1983 complaint. Even the most liberal construction of a claim raised in a pro se complaint will not allow this court to bring together unrelated issues based on different facts and legal theories and raised in separate suits. See, e.g., Jackson v. Illinois Prisoner Review Board, 856 F.2d 890, 894 (7th Cir.1988) (distinguishing ex post facto claim from due process claim)
 
 
 [6]
 Indiana no longer has a statute tolling the onset of limitations periods for prisoners. See Bailey v. Faulkner, 765 F.2d 102, 103 (7th Cir.1988) (citing Ind.P.L. 200, § 1 (1982) (repealing prisoner tolling provision)). Therefore Hardin v. Straub, 490 U.S. 536, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989), finding Michigan's prisoner tolling statute consistent with § 1983's remedial purpose, does not apply here