NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 20, 2019[*]
Decided March 22, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 17-3147

| | |
|---|---|
| JEFFREY NORTH,<br> *Plaintiff-Appellant,* | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division. |
| *v.* | No. 2:13-cv-00427-JMS-MJD |
| CHARLES L. LOCKETT, et al.,<br> *Defendants-Appellees.* | Jane Magnus-Stinson,<br>*Chief Judge.* |

**O R D E R**

  Jeffrey North, a federal prisoner in Indiana who began a hunger strike in 2011, has sued prison officials under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for violating the Eighth Amendment by feeding him by force and limiting his recreation time to keep him healthy. The district court entered summary judgment in favor of all defendants. It concluded that the statute of

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

limitations had run on most claims and undisputed evidence required a finding that no official deliberately ignored his well-being. This reasoning is correct, so we affirm the judgment.

North began his hunger strike in July 2011. From August through September 2011, the prison responded to his strike in two ways. First, several nurses fed him by force. They did so because a prison doctor's clinical diagnosis warned that North faced impending malnutrition and that feedings by force were essential to prevent organ damage and to save North's life. Second, prison guards placed him in a cell where they suspended his recreation time because physicians opined that the suspension was necessary for his health, given his low nutritional intake. North described his cell at this time as "extremely cold," and he says that he had only paper clothing for warmth. After September, he complained to prison administrators about the ongoing feedings by force and lack of recreation time, but both conditions remained in place until his hunger strike ended in February 2012.

More than two years after the feedings by force started, in December 2013, North filed this suit, and the district court granted the defendants' motion for summary judgment. It concluded that Indiana's two-year statute of limitations had run on North's claims about the feedings by force and cold cell in August and September 2011. On North's timely claims, the court ruled that, because the undisputed evidence showed that the feedings by force and denial of recreation after September were based on reasonable medical judgment, they were not cruel and unusual punishment.

On appeal, North argues that the statute of limitations on most of his claims should be tolled because he was legally disabled by his incarceration. For *Bivens* claims, just like those arising under 42 U.S.C. § 1983, the statute of limitations and tolling rules are governed by the forum state—here, Indiana. *See Bd. of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478, 483–86 (1980); *Cesal v. Moats*, 851 F.3d 714, 721–22 (7th Cir. 2017). Indiana's applicable statute of limitations is two years, *see Julian v. Hanna*, 732 F.3d 842, 844–45 (7th Cir. 2013), and the state's tolling rules do not recognize incarceration as a reason to toll a statute of limitations. *Bailey v. Faulkner*, 765 F.2d 102, 103 (7th Cir. 1985). So North's claims arising from feedings by force and the cold cell in August and September 2011 are time-barred.

That leaves North's challenges to the feedings by force and lack of recreation time after September. North contends that no legitimate reason justified feedings by force, so the nurses, doctor, and warden were deliberately indifferent to his well-being. But prison officials must "force an inmate to take nourishment if a hunger strike has

progressed to the point where continuation risks serious injury or death." *Owens v. Hinsley*, 635 F.3d 950, 955 (7th Cir. 2011) (citing *Freeman v. Berge*, 441 F.3d 543, 546–47 (7th Cir. 2006)). Uncontradicted evidence showed that the nurses responded to a physician's undisputed diagnosis that North was malnourished and that feedings by force were needed to prevent organ damage and death. No rational juror could find that by forcing nutrition on him, the defendants were deliberately indifferent to North's health.

North also argues that the warden and two correctional officers were deliberately indifferent to his medical needs when they refused to give him recreation time. But prison officials are entitled to defer to the reasonable judgment of the medical staff regarding an inmate's medical care. *Arnett v. Webster*, 658 F.3d 742, 756 (7th Cir. 2011); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). The defendants permissibly followed the undisputed opinions of the staff physicians who warned that suspending North's access to recreational activities was necessary to preserve his health because his hunger strike led to a low nutritional intake. Thus, the officials' adherence to the physicians' judgment did not reflect deliberate indifference to North's medical needs.

We have considered North's remaining arguments, and none has merit.

AFFIRMED