Stephen H. LOY, Plaintiff-Appellant,

v.

Robert A. CLAMME, et al., Defendants-Appellees.

No. 85–1975.

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 28, 1986.*

Decided Oct. 29, 1986.

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

Stephen H. Loy, pro se.

James P. Fenton, Barrett, Barrett & McNagny, Robert E. Ross, Beers, Mallers, Backs, Salin & Larmore, Ft. Wayne, Ind., Richard E. Hendrickson, Deputy Atty. Gen., Indianapolis, Ind., John Coldren, Col-dren & Frantz, Portland, Ind., for defendants-appellees.

Before BAUER, Chief Judge, CUDAHY, and EASTERBROOK, Circuit Judges.

PER CURIAM.

Stephen Loy appeals an order of the district court dismissing his civil rights case in its entirety. For the reasons discussed below, we affirm in part and reverse and remand in part.

I.

Stephen Loy was arrested and charged with murder on September 11, 1979. Following his arrest, Loy was held in pre-trial detention at the Jay County Jail in Portland, Indiana. While Loy was being held there a fellow inmate was murdered and Loy was subsequently charged with and convicted of battery against the murdered inmate. On December 15, 1979, Loy was transferred to the Indiana State Reformatory pending his trial on the murder charge. Loy was returned to the Jay County Jail on September 18, 1980, in order to stand trial for murder. Eleven days later, Loy was convicted of murder and removed to an Indiana prison.

On May 13, 1983, approximately two and one-half years after Loy was last held in the Jay County Jail, he filed a *pro se* complaint in the district court alleging various violations of his constitutional rights. Loy amended his complaint to allege violations under 42 U.S.C. §§ 1983, 1985, and 1986. The complaint named 28 Jay County officers, in their individual and official capacities, as well as persons whose names were unknown. Appellees filed motions to dismiss Loy's complaint, arguing that official immunity, collateral estoppel and the failure to state a claim upon which relief could be granted all required dismissal. The district court granted the motions on May 7, 1985. The court dismissed Loy's § 1983 claims as time-barred, and his § 1985 and § 1986 claims for failure to state a cause of action and as time-barred. Judgment was entered on the docket sheet on May 8, 1985

and Loy filed his notice of appeal on June 7, 1985.

## II.

██ "It is well settled that the requirement of a timely notice of appeal is 'mandatory and jurisdictional,'" *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 62, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (*citing Bowder v. Director, Illinois Department of Corrections,* 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978)), and so, if Loy's notice of appeal was filed out of time as appellees claim, we are without jurisdiction over this appeal. Judge Lee signed the order on May 7, 1985, and the order is stamped filed on that date. The docket sheet indicates, however, that the order was entered on the docket on May 8, 1985. Because Loy filed his notice of appeal on June 7, 1985, thirty days from the order's entry on the docket, his notice of appeal was timely. *See Stelpflug v. Federal Land Bank of St. Paul,* 790 F.2d 47 (7th Cir.1986).

Appellees next suggest that we affirm the judgment of the district court dismissing Loy's § 1983 claims as time-barred. Again we cannot agree. The district court relied upon *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), to determine that the statute of limitations in this case was two years. Since Loy filed his original complaint more than two and one-half years after the last day that he was held at the Jay County Jail, the court found his action time-barred. Had the court had the benefit of our subsequent decision in *Anton v. Lehpamer,* 787 F.2d 1141 (7th Cir.1986), however, it would not have dismissed Loy's complaint on that ground.

In *Anton,* we held that, "in Illinois, a plaintiff whose section 1983 cause of action accrued before the *Wilson* decision, April 17, 1985, must file suit within the shorter period of either five years from the date his action accrued or two years after *Wilson." Id.* at 1146. In determining whether *Wilson* should be applied retroactively, we considered the factors set forth in

*Chevron v. Huson,* 404 U.S. 97, 106–07, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971). The test set forth in *Chevron* is that:

> First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, ... or by deciding an issue of first impression whose resolution was not clearly foreshadowed. ... Second, it has been stressed that "we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." ... Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity."

(Citations omitted). As in *Anton,* we must first "determine whether *Wilson* effectively overruled clear precedent in this circuit upon which litigants may have relied when they filed a section 1983 action" in Indiana. 787 F.2d at 1143.

A month before Loy filed his motion to proceed *in forma pauperis* and six months before he filed his complaint, we held that, in § 1983 actions against public officers acting in their official capacities, a five-year statute of limitations applied pursuant to Ind.Code § 34–1–2–2(2). *Blake v. Katter,* 693 F.2d 677 (7th Cir.1982). Loy filed this § 1983 action against members of the Jay County Sheriff's Office and Jay County Prosecutor's Office, both individually and in their official capacities. Members of the sheriff's and prosecutor's offices are undoubtedly considered public officers within the meaning of the statute, *see, e.g., Blake,* 693 F.2d at 680, and *Bottos v. Avakian,* 477 F.Supp. 610, 614 (N.D.Ind.1979), *aff'd,* 723 F.2d 913 (7th Cir.1983), and the allegations in Loy's complaint were of acts done in those officers' official capacities. Prior to the Supreme Court's decision in *Wilson,*

therefore, Loy's § 1983 claims would clearly not have been time-barred until at the earliest September 12, 1984. Loy's complaint was filed May 11, 1983. It was not until April 17, 1985, that the Supreme Court in *Wilson* determined that federal courts deciding § 1983 cases must look to a state's statute of limitations for personal injury actions, which in Indiana is two years. Ind.Code § 34–1–2–2(1). The *Wilson* decision therefore effectively overruled clear precedent in this circuit and the first *Chevron* factor is thus met in this case.

The second *Chevron* factor requires us to determine the effect the retroactive application of *Wilson* would have on the interests furthered by *Wilson*. Those interests are: "(1) safeguarding the rights of federal civil litigants; (2) achieving uniformity and certainty; and (3) minimizing unnecessary collateral litigation." *Anton*, 787 F.2d at 1144 (citations omitted). We reaffirm our reasoning in *Anton* in finding that "the interests of establishing uniformity and reducing litigation are not hampered by nonretroactive litigation and the interest of safeguarding the rights of federal civil rights litigants is retarded by retroactive application." *Id.* at 1145. Thus the second *Chevron* factor has also been satisfied in this case.

Finally, we must weigh the "inequity imposed by retroactive application," *Chevron*, 404 U.S. at 107, 92 S.Ct. at 355. Here as in *Anton*, the retroactive application of *Wilson* would produce inequitable results. Loy filed suit approximately two and one-half years after his alleged injuries occurred, well within the five-year limitation period applicable at that time. The Supreme Court decided *Wilson* approximately two years after Loy filed suit. During those two years, the parties expended a considerable amount of time and resources in this case. Thus retroactive application of *Wilson* "would not serve justice and would impose a hardship on those plaintiffs who had actually pursued their section 1983 claims." *Anton*, 787 F.2d at 1146. ■ Accordingly, we find, as in *Anton*, an Indiana "plaintiff whose section 1983 cause of action accrued before the *Wilson* decision, April 17, 1985, must file suit within the shorter period of either five years from the date his action accrued or two years after *Wilson*." *Id.* Because Loy filed suit well before the expiration of the shorter five-year limitations period, his § 1983 claim is not time-barred. Appellees suggest that we rely on *Bailey v. Faulkner*, 765 F.2d 102 (7th Cir.1985), to dispose of this case. In *Bailey*, we held that a plaintiff's § 1983 suit against a state agency was properly dismissed where the plaintiff failed to allege that the agency itself had violated his rights. *Id.* at 104. Our discussion in *Bailey* included a general statement about the statute of limitations applicable in a § 1983 suit after *Wilson*, but we did not decide *Bailey* on that ground. Because *Bailey* was decided on another ground, there was no need to determine the retroactivity of *Wilson*. In deciding that issue today, we must follow our decision in *Anton*.

We therefore reverse the order of the district court with respect to Loy's § 1983 claim and remand for further proceedings. Although we have the power to affirm on an alternative ground, appellees have argued none and we decline to comb the six volumes of the record to find one. *Cf. Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 315 (7th Cir.1986).

### III.

■ The district court also dismissed Loy's claims under 42 U.S.C. §§ 1985 and 1986, for failure to state a claim. We agree with the court that Loy has failed to allege any racial or class-based discrimination in order to state a claim under § 1985(3). *Griffin v. Breckenridge*, 403 U.S. 88, 101–02, 91 S.Ct. 1790, 1797–98, 29 L.Ed.2d 338 (1971); *Hossman v. Blunk*, 784 F.2d 793, 797 (7th Cir.1986). Since Loy has failed to state a claim under § 1985, his claim under § 1986 similarly fails. *Rodgers v. Lincoln Towing Service, Inc.*, 771 F.2d 194, 203 (7th Cir.1985). Accordingly, the district court's order dismissing Loy's §§ 1985 and 1986 claims is affirmed.

Affirmed in part and Reversed and Remanded in part.