**Kenneth DINGER and Catherine Dinger**

v.

**CITY OF NEW ALBANY and Dow O'Neal.**

**No. NA 85–257–C.**

United States District Court, S.D. Indiana, New Albany Division.

June 22, 1987.

Order vacated Sept. 8, 1987.

Richard Heiderman, Jeffersonville, Ind., for plaintiffs.

Richard T. Mullineaux, Lee Buchanan, New Albany, Ind., for defendants.

STECKLER, District Judge.

This matter is before the Court on plaintiffs' motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b). The defendants have not responded. Having considered the motion and being duly advised in the premises, the Court finds that the motion must be granted and the judgment vacated.

On July 19, 1985, Kenneth and Catherine Dinger filed this suit against the City of New Albany and Dow O'Neal, a New Albany police officer, pursuant to 42 U.S.C. § 1983. The Court subsequently granted defendants' motion for summary judgment finding that under *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), Indiana's two-year statute of limitations for personal injury suits applied to the plaintiffs' action and barred the suit. The *Wilson* decision effectively overruled clear precedent in this circuit holding that in § 1983 actions against public officers acting in their official capacities a five-year statute of limitations applied. *See Blake v. Katter*, 693 F.2d 677 (7th Cir.1982).

After this Court entered judgment against the plaintiffs, the Court of Appeals for the Seventh Circuit decided *Loy v. Clamme*, 804 F.2d 405 (7th Cir.1986). In *Loy*, the Court refused to apply *Wilson* retroactively to a plaintiff whose claim accrued before April 17, 1985, the date *Wilson* was decided. The Court held

... an Indiana 'plaintiff whose section 1983 cause of action accrued before the *Wilson* decision, April 17, 1985, must file suit within the shorter period of either five years from the date his action accrued or two years after *Wilson*.'

*Id.* at 408. Applying the holding of *Loy* to the facts in this case, Kenneth and Catherine Dingers' action would be timely filed.

In light of the *Loy* decision the Court finds that justice requires the Court to vacate its earlier judgment and reinstate plaintiffs' claim.

Based on the foregoing the Court hereby GRANTS plaintiffs' motion for relief from judgment and vacates the judgment entered for the defendants and against the plaintiffs on May 27, 1986.