960 F.2d 151
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Nawatha SLATON, Plaintiff/Appellant,
v.
CITY OF EVANSVILLE, James Haller, Earl Chapman, et al., Defendants.
 No. 91-1959.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 10, 1992.*
Decided April 14, 1992.
 
 Before CUMMINGS and CUDAHY, Circuit Judges, and WOOD, JR., Senior Circuit Judge.
 
 ORDER
 
 1
 Nawatha Slaton appeals pro se after the district court denied his motion to proceed in forma pauperis. Slaton brought his suit under 42 U.S.C. § 1983 alleging violations of his fourth, fifth and fourteenth amendment rights. The district dismissed Slaton's claims as frivolous after determining that his § 1983 claims were barred by the statute of limitations and that it lacked subject matter jurisdiction over Slaton's state law claims. Upon review of the district court record, we have determined that the court properly identified and discussed the relevant issues; thus, we affirm for the reasons stated in the attached district court order.
 
 
 2
 Slaton does, however, raise two issues dealing with the statute of limitations which were not before the district court. Neither of these contentions warrants reversal.
 
 A. The Retroactive Application of Wilson
 
 3
 The first issue is the retroactive application of Wilson v. Garcia, 471 U.S. 261 (1985). Under Wilson, federal courts must apply state personal injury statutes of limitations when deciding § 1983 claims. Id. at 280. Because Wilson was decided in 1985, one year after the acts alleged in Slaton's complaint, Slaton urges us not to apply the case retroactively.
 
 
 4
 Slaton's retroactivity argument has already been addressed by this court. See Loy v. Clamme, 804 F.2d 405, 407 (7th Cir.1986). In Loy, we resolved the issue by formulating a test for the application of Wilson. Under this test, "an Indiana plaintiff whose section 1983 cause of action accrued before the Wilson decision, April 17, 1985, must file suit within the shorter period of either five years or two years after Wilson." Id. at 408.
 
 
 5
 In Slaton's case, the judge appropriately applied the Loy test, and found that Slaton failed to file within two years of Wilson. Slaton's retroactivity argument must, therefore, fail.
 
 
 6
 B. The Tolling of the Indiana Statute of Limitations
 
 
 7
 Slaton also contends that the statute of limitations should be tolled. Although the exact basis of his argument is unclear, he probably requests tolling based on the equitable tolling or the continuing violation doctrine. Neither of these doctrines provides a basis for reversal.
 
 
 8
 The doctrine of equitable tolling "permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim." Smith v. City of Chicago Heights, et al., No. 90-2976, slip op. at 7 (January 13, 1992). The doctrine, therefore, does not apply to Slaton who never alleged that anyone prevented him from obtaining information about his claim. Slaton does allege that the magistrate failed to inform him of the charges against him, but this issue goes to the merits of his § 1983 claim, not to knowledge of the defendants' wrongdoing.
 
 
 9
 The continuing violation doctrine tolls a statute of limitations when a defendant engages in continuing objectionable acts. Delaware State College v. Ricks, 449 U.S. 250, 257 (1980). However, continuing adverse effects, without continuing actions, do not toll the statue. Id. Thus, the doctrine does not apply to Slaton who only alleges continued suffering, not continued actions.
 
 
 10
 The decision of the district court is therefore,
 
 AFFIRMED
 
 11
 UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF INDIANA
 
 EVANSVILLE DIVISION
 
 12
 NAWATHA SLATON, Plaintiff,
 
 
 13
 vs.
 
 
 14
 THE CITY OF EVANSVILLE, SGT. JOHN HALLER, E.P.D. DET. EARL
 
 
 15
 CHAPMAN, E.P.D., TED MATTINGLY, E.P.D., Defendants.
 
 Cause No. EV 91-49-C
 
 16
 ENTRY DENYING LEAVE TO PROCEED IN FORMA PAUPERIS AND
 
 DIRECTING ENTRY OF JUDGMENT
 
 17
 This cause is before the Court on the plaintiff's civil rights complaint and on his request to proceed in forma pauperis.
 
 
 18
 Whereupon the Court, having read and examined such complaint and request, and being duly advised, now finds the complaint legally frivolous within the meaning of 28 U.S.C. § 1915(d) and therefore finds that the request to proceed in forma pauperis should be denied and this cause of action dismissed with prejudice, except that any pendent claim under Indiana law will be dismissed for lack of subject matter jurisdiction.
 
 
 19
 IT IS SO ORDERED.
 
 
 20
 /s/GENE E. BROOKS, Chief Judge
 
 
 21
 /s/United States District Court
 
 Date: April 3, 1991
 MEMORANDUM
 Background
 
 22
 Plaintiff Nawatha Slaton (Slaton) is an inmate at the Westville Correctional Center serving sentences imposed by the Superior Court of Vanderburgh County for conversion and attempted theft. See Slaton v. State, 510 N.E.2d 1343 (Ind.1987). He brings this action against the City of Evansville and several Evansville police officers based on his warrantless arrest in Evansville on April 18, 1984 and the early stages of the prosecution against him in Vanderburgh County. The action is brought pursuant to 42 U.S.C. § 1983 and its companion civil rights statutes, §§ 1981, 1985(2), 1986 and 1988, as well as directly under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution. He asserts federal claims under these statutes and constitutional amendments, invokes the pendent jurisdiction of the Court over state law claims and seeks compensatory and punitive damages.
 
 
 23
 The plaintiff is incarcerated, is without income or assets and has shown his inability to prepay the $120.00 filing fee to commence this action. Nonetheless, his request to proceed in forma pauperis may properly be denied and this cause of action dismissed if the action is frivolous within the meaning of 28 U.S.C. § 1915(d). Flick v. Blevins, 887 F.2d 779, 780 (7th Cir.1989); Smith-Bey v. Hospital Administrator, 841 F.2d 751, 757 (7th Cir.1988). A complaint should be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989).
 
 Discussion
 A. Federal Claims
 
 24
 To state a claim under § 1983 a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 108 S.Ct. 2250, 2255 (1988). Although the plaintiff's allegations are entitled to liberal interpretation, for various reasons the complaint here fails to state an arguable claim for relief.
 
 
 25
 The events the plaintiff describes occurred in April and May of 1984. His complaint was signed on March 6, 1991, was docketed by the Clerk on March 18, 1991. These dates require consideration of whether the plaintiff's action is time-barred.
 
 
 26
 The statute of limitations applicable to actions under 42 U.S.C. § 1983 is the statute governing personal injury actions in the state in which the action is brought. Garcia v. Wilson, 105 S.Ct. 1938 (1985).[1] In Indiana, a plaintiff whose Section 1983 cause of action accrued before the Wilson decision, April 17, 1985, must file suit within the shorter period of either five years from the date his action accrued or two years after Wilson. Loy v. Clamme, 804 F.2d 405, 408 (7th Cir.1986). A plaintiff's civil rights cause of action accrues when the plaintiff "knew or had reason to know of the injury that constitutes the basis of [the] action." Sandutch v. Muroski, 684 F.2d 252, 254 (3rd Cir.1982). The plaintiff here knew immediately of his arrest and pretrial detention and of the number and nature of charges which were filed against him. His cause of action accrued, at the latest, in May of 1984. Therefore, in order to be timely, any suit based on the events described in his complaint had to be brought within two years of the Supreme Court's decision in Wilson. It was not. Slaton's incarceration does not extend that period. Bailey v. Faulkner, 765 F.2d 102 (7th Cir.1985).
 
 
 27
 The Court recognizes, of course, that the statute of limitations is an affirmative defense--thus a defense which could potentially be waived by the defendants. It may therefore be wondered whether relying on it is proper in ruling on a request to proceed in forma pauperis. The Court finds that in some circumstances, including the present case, it can. The same conclusion was reached by Senior District Judge Watkins in Holsey v. Bass, 519 F.Supp. 395, 411 (D.Md.1981), aff'd sub. nom. Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983):
 
 
 28
 where there are obvious and complete affirmative defenses raised on the face of the complaint or by the court records, a court may consider these defenses in making a determination pursuant to § 1915(d) that a complaint is frivolous or malicious.
 
 
 29
 Accord: Yellen v. Cooper, 828 F.2d 1471, 1476 (10th Cir.1987) ("the policy underlying Rule 8(c), affording the plaintiff adequate notice of unanticipated defenses, is not violated when the plaintiff's in forma pauperis complaint itself sets out facts plainly demonstrating the affirmative defense.") Consideration of affirmative defenses in this context has also been considered valid by our Court of Appeals, such as where judicial or prosecutorial immunity has been found to be a dispositive factor in assessing a complaint under § 1915(d). Williams v. Goldsmith, 701 F.2d 603 (7th Cir.1983).
 
 
 30
 On the basis of the foregoing, therefore, the Court finds from the face of the complaint that the action has been submitted many years beyond the expiration of the applicable statute of limitations and is thus frivolous.
 
 B. Pendent State Claims
 
 31
 We next consider the claim asserted under Indiana law, although the complaint barely hints at what this claim may be. To raise a state law claim in this action the plaintiff must invoke the pendent jurisdiction of the Court.
 
 
 32
 Pendent jurisdiction refers to "the power of a federal court, once it acquires jurisdiction over a case and controversy properly before it, to adjudicate other claims sufficiently closely related to the main claim even though there is no independent basis for subject matter jurisdiction over the related claims." Baylis v. Marriott Corp., 843 F.2d 658, 663 (2nd Cir.1988). To exercise pendent jurisdiction over state law claims the court must have an independent source of federal subject matter jurisdiction. See United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966). "When all bases for federal jurisdiction have been eliminated from a case so that only the pendent state claims remain, the federal court should ordinarily dismiss the state claims." Kauth v. Hartford Insurance Company of Illinois, 852 F.2d 951, 955 (7th Cir.1988). That is the situation here, and any claim under Indiana law which the complaint can be construed to assert will be dismissed for lack of subject matter jurisdiction.
 
 Conclusion
 
 33
 The plaintiff's claims are entitled to and have received fair and meaningful consideration. That review, however, shows beyond doubt that his claims are so insubstantial as to lack an arguable basis in law or fact. Therefore, the plaintiff's request to proceed in forma pauperis will be denied and the cause of action dismissed with prejudice, except as to pendent state law claims, which will be dismissed for lack of subject matter jurisdiction.
 
 Copies to:
 Nawatha Slaton, # 31510
 Westville Correctional Center
 P.O. Box 473
 Westville, Indiana 46391-0473
 Sgt. John Haller
 Evansville Police Department
 City/County Courts Building
 Evansville, Indiana 47708
 Det. Earl Chapman
 Evansville Police Department
 City/County Courts Building
 Evansville, Indiana 47708
 Officer Ted Mattingly
 Evansville Police Department
 City/County Courts Building
 Evansville, Indiana 47708
 JUDGMENT
 
 34
 This cause having come before the Court on the plaintiff's complaint and his request to proceed in forma pauperis,
 
 
 35
 And the Court, having read and examined such complaint and request, and having this day made its Entry,
 
 
 36
 IT IS NOW ORDERED, ADJUDGED AND DECREED that the plaintiff's request to proceed in forma pauperis is DENIED, that the plaintiff take nothing by his complaint and this cause of action is DISMISSED WITH PREJUDICE, except that any claim which could be construed as asserted under Indiana law is DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.
 
 
 
 *
 No defendant was served in the district court, and no defendant has appeared in this appeal. On August 5, 1991, this court ordered this appeal to be submitted for decision on the record and the brief of the appellant without the filing of a brief or oral argument by the defendants. Subsequently, after preliminary examination of the appellant's brief, the court notified the appellant that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement has been filed
 
 
 [1]
 The same statute is applicable to actions brought pursuant to the other statutes on which the plaintiff relies