972 F.2d 352
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
William W. WARD also known, as Wilbert Moore, Plaintiff/Appellant,
v.
UNKNOWN INDIVIDUALS OF GARY POLICE DEPARTMENT, Defendant/Appellee.
 No. 89-3281.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 31, 1992.*
Decided Aug. 4, 1992.
 
 Before BAUER, Chief Judge, and FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Pro se plaintiff William W. Ward filed a civil rights complaint under 42 U.S.C. § 1983 against unknown individuals of the Gary Police Department alleging an unconstitutional deprivation of his automobile. The district court denied Mr. Ward's request to proceed in forma pauperis (IFP) after determining that his § 1983 claim was time-barred. Mr. Ward appeals. We affirm.
 
 
 2
 Mr. Ward contends that the district court erred in applying Indiana's two-year statute of limitations for personal injury suits in dismissing his § 1983 claim as time-barred. Although he is correct under the facts of this case, Mr. Ward's claim is still time-barred. In finding that Mr. Ward's claim was time-barred, the district court relied on the Supreme Court's decision in Wilson v. Garcia, 471 U.S. 261 (1985). In Wilson, the Supreme Court instructed courts to apply the statute of limitations for personal injury suits in which the § 1983 action was brought to determine whether a plaintiff's § 1983 suit was timely. Indiana applies a two-year statute of limitations to personal injury suits. See Ind.Code § 34-1-2-2.
 
 
 3
 The Wilson decision, decided April 17, 1985, has not been applied retroactively. Coopwood v. Lake County Community Dev. Dept., 932 F.2d 677, 680 (7th Cir.1991); Loy v. Clamme, 804 F.2d 405 (7th Cir.1986). Prior to Wilson, we concluded that Indiana applies a five-year statute of limitations to actions against public officers acting in their official capacity and that police officers are public officials. Blake v. Katter, 693 F.2d 677, 680 (7th Cir.1982). This court has held that plaintiffs whose § 1983 actions accrued before Wilson must file suit within the shorter period of either five years from the date the action accrued or two years after Wilson. Loy, 804 F.2d at 408.
 
 
 4
 As the district court noted, Mr. Ward's action accrued on March 20, 1985. This was before Wilson was decided. Thus, the district court erred in applying Wilson and concluding that under Indiana's two-year personal injury statute of limitations Mr. Ward had to file his section 1983 suit by April 17, 1987.[1] Rather, under Loy, Mr. Ward had until April 17, 1989, to file his complaint. Nevertheless, Mr. Ward was too late. He did not file suit until September 1, 1989. Consequently, his action was time-barred and the district court's order denying IFP is AFFIRMED.[2]
 
 
 
 *
 On November 6, 1989, appellee filed a "Notice of Non-Involvement" and a "Notice Of Intent Not To File Brief." After preliminary examination of the appellant's brief, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Although Mr. Ward correctly points out that the district court erred in applying Indiana's two-year statute of limitations to his case, he is only correct because Wilson is non-retroactive. To the extent he contends that Indiana's personal injury statute is inapplicable because the alleged unconstitutional deprivation of his automobile was not a personal injury, we note that this argument is without merit. As we recently stated, "Wilson teaches that all section 1983 suits are best characterized as personal injury actions." Farrell v. McDonough, No. 90-3823, slip op. at 3 (7th Cir. June 30, 1992)
 
 
 [2]
 Because we hold that Mr. Ward's claim is time-barred, we do not express any opinion as to the merits of his civil rights suit