Brenda PUSCH, Plaintiff,

v.

SOCIAL SECURITY ADMINISTRATION, Defendant.

Brenda PUSCH, Plaintiff,

v.

U.S. DEPT. OF AGRICULTURE, Defendant.

Brenda PUSCH, Plaintiff,

v.

RUSSIA, JAPAN, C.I.A., Defendants.

Brenda PUSCH, Plaintiff,

v.

Mike KOPEC, Defendant.

Brenda PUSCH, Plaintiff,

v.

Ron STONE, Defendant.

Brenda PUSCH, Plaintiff,

v.

George GILLESPIE, Defendant.

Brenda PUSCH, Plaintiff,

v.

MENTAL HEALTH CENTER OF CENTRAL ILLINOIS, Defendant.

Brenda PUSCH, Plaintiff,

v.

Theodore KENNEDY, Defendant.

Brenda PUSCH, Plaintiff,

v.

SPRINGFIELD POLICE DEPT., Defendant.

Brenda PUSCH, Plaintiff,

v.

STATE OF ILLINOIS, Defendant.

Brenda PUSCH, Plaintiff,

v.

McFARLAND ZONE CENTER, Defendant.

**Brenda PUSCH, Plaintiff,**

v.

**James EDGAR, Defendant.**

**Nos. 93–3001, 93–3002, 93–3006, 93–3008 to 93–3012, 93–3015 to 93–3017 and 93–3020.**

United States District Court,
C.D. Illinois,
Springfield Division.

Jan. 29, 1993.

Brenda Pusch, pro se.

No appearance for defendants.

OPINION

RICHARD MILLS, District Judge:

There are some things that must give way to the shortness of life.

These lawsuits meet that standard in spades.

The plaintiff, Brenda Pusch, has submitted twelve more civil rights complaints under 42 U.S.C. § 1983 and seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

For the reasons hereafter, the petitions in each case will be denied, and each complaint will be dismissed for failure to state a claim. Furthermore, by this ruling the court enjoins the plaintiff from filing any further actions, pleadings or motions unless she complies with the requirements set forth in this order.

It has become plain that steps must be taken to alleviate the enormous burdens placed on the court and its staff by the plaintiff. She filed eight *pro se* civil rights actions in the two years prior to initiating the twelve lawsuits currently under consideration. The plaintiff sought leave to proceed *in forma pauperis* in each case; without exception, the cases were dismissed as wholly frivolous.

A brief summary of the plaintiff's lawsuits to date follows:

(1) In *Pusch v. State of Illinois*, Case Number 90–3217, the plaintiff attempted to sue the State of Illinois, as well as judges, lawyers and a defendant in a criminal action, because the plaintiff was removed from the courtroom for disrupting the proceedings.

(2) In *Pusch v. State Journal Register*, Case Number 90–3285, the plaintiff sought to sue a newspaper for its failure to "spread the word" regarding the plaintiff's status as the "third party of the Holy Trinity" and her purported crucifixion in Los Angeles.

(3) In *Pusch v. Horace Mann Insurance Co.*, Case Number 90–3286, the plaintiff sued her former employer for allegedly discriminatory hiring practices. The plaintiff indicated that the insurance company refused to rehire her after the plaintiff had a nervous breakdown and left Illinois.

(4) In *Pusch v. U.S. Marshal*, Case Number 92–3311, the plaintiff sued U.S. Marshals and Springfield public servants for failing to help her organize an effort to assist Texas flood victims in January 1992.

(5) In *Pusch v. Horace Mann Insurance Co.*, Case Number 92–3313, the plaintiff again sued her former employer for failing to rehire the plaintiff after she resigned from her position and moved to another state.

(6) In *Pusch v. U.S. Surgeon General*, Case Number 92–3314, the plaintiff sued the U.S. Surgeon General and the federal government for discriminating against smokers; the plaintiff objected to smoking bans in certain hospitals and public buildings.

(7) In *Pusch v. Mental Health Center, et al.*, Case Number 92–3315, the plaintiff sued her mother and various local and out-of-state health care providers for subjecting her to "cruel and unusual punishment." The plaintiff maintained that she was "tricked" into undergoing psychiatric care and received medication which caused her back to disintegrate.

(8) In *Pusch v. St. John's Hospital, et al.*, Case Number 92–3316, the plaintiff sued various local and out-of-state health care providers for ineffective medical care for "bugs," "worms" and/or "scabes" she allegedly contracted while staying at a friend's apartment.

In denying the plaintiff leave to proceed *in forma pauperis* in each of those eight cases, the court warned the plaintiff of the possibility of sanctions if she persisted in filing groundless pleadings; however, the court refrained from sanctioning the plaintiff in light of her indigence. Only this year did the court finally impose sanctions of $5.00 when the plaintiff filed motions to appeal the dismissals of her patently groundless cases, some of which were terminated two years ago. Unfortunately, the court's lesser measures have proven unsuccessful in stemming the tide of the plaintiff's unfounded lawsuits.

The plaintiff's current spate of twelve lawsuits are equally nonmeritorious.

■ (9) In *Pusch v. Social Security Administration*, Case Number 93–3001, the plaintiff sues various Springfield Social Security officers for their refusal to verify in writing that the plaintiff had the right to

receive disability payments anywhere in the United States. The court is unable to surmise any constitutional violation stemming from the plaintiff's allegation, nor is the court aware of any other basis for federal jurisdiction.

■ (10) In *Pusch v. U.S.D.A.*, Case Number 93–3002, the plaintiff sues regarding an "invasion" by U.S.D.A. planes and cargo trucks on the Cities of Springfield and St. Louis. The plaintiff's claims are clearly delusional. The court need not accept as true factual allegations which "rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez,* —— U.S. ——, ——, 112 S.Ct. 1728, 1730, 118 L.Ed.2d 340 (1992).

(11) In *Pusch v. Russia, et al.,* Case Number 93–3006, the plaintiff seeks to sue Russia, Japan and the C.I.A. for an "electrical invasion." The plaintiff reports that orange lights and black windows are following her and that she is under surveillance. Again, the plaintiff's fantastic allegations are not creditable. (The plaintiff's motion for leave to amend her complaint to delete Russia and add China as a defendant is denied as moot.)

■ (12) In *Pusch v. Kopec*, Case Number 93–3008, (13) *Pusch v. Stone*, Case Number 93–3009, and (14) *Pusch v. Gillespie*, Case Number 93–3010, the plaintiff sues three attorneys for refusing to represent her. If the plaintiff sought representation for the groundless lawsuits at issue, then the defendants properly declined to assist the plaintiff—they might well have faced Rule 11 sanctions or other professional discipline had they filed a baseless lawsuit. In any case, the plaintiff has been reminded numerous times that a defendant must have acted under color of state law to be held liable under 42 U.S.C. § 1983. *Gomez v. Toledo,* 446 U.S. 635, 638, 100 S.Ct. 1920, 1922, 64 L.Ed.2d 572 (1980); *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

■ (15) In *Pusch v. Mental Health Center of Central Illinois,* Case Number 93–3011, the plaintiff sues eighteen mental health care officials for their alleged refusal to allow her to obtain a driver's license. While a citizen has a protected property interest in his or her driver's license, *see Mackey v. Montrym,* 443 U.S. 1, 11, 99 S.Ct. 2612, 2617, 61 L.Ed.2d 321 (1979) (citations omitted), the state may revoke a license if it follows proper procedures. *Thomas v. Fiedler,* 884 F.2d 990 (7th Cir. 1989).

The one-sentence complaint provides no factual information regarding the plaintiff's claims. It is unclear what action the defendants took; the plaintiff also has failed to indicate whether her driver's license was revoked or she was simply barred from obtaining a permit. Since various physicians are named as witnesses or defendants, the court presumes that the plaintiff has a medical or psychiatric condition or takes medication which the defendants merely certified would make driving dangerous. Regardless, the defendants are not state actors; the Secretary of State, and not private physicians, issue and revoke driver's licenses. The plaintiff's vague complaint does not state a cause of action.

■ (16) In *Pusch v. Kennedy,* Case Number 93–3012, the plaintiff sues U.S. Senator Ted Kennedy of Massachusetts for failing to respond to her requests for legal assistance. Apparently, the plaintiff mailed copies of the aforementioned legal documents to the defendant Kennedy hoping that he would file the materials in the U.S. Supreme Court. The plaintiff may not sue Kennedy, a Massachusetts or Washington, D.C., resident, in the U.S. District Court for the Central District of Illinois. *See* venue statute, 28 U.S.C. § 1391(b). In any case, the plaintiff's cause of action against Senator Kennedy is groundless.

■ (17) In *Pusch v. Springfield Police Dept.,* Case Number 93–3015, the plaintiff sues a Springfield police officer, the State of Illinois and/or the Springfield Police De-

partment [1], evidently for failing to give the plaintiff reward money in 1988. The complaint states in its entirety:

I called Crimestoppers and reported all the drug addicts I knew without my monetary relief. And I believe there were arrests.

Even assuming that the defendants failed to pay the plaintiff reward money rightfully owed to her (a highly doubtful proposition), the complaint is time-barred. As the court previously has explained to the plaintiff, civil rights actions must be brought within two years of the date of injury. *Loy v. Clamme*, 804 F.2d 405, 408 (7th Cir.1986) (per curiam).

(18) In *Pusch v. State of Illinois*, Case Number 93–3016, the plaintiff again sues a Springfield police officer, the State of Illinois and/or the Springfield Police Department, this time for their failure to prosecute a man who allegedly raped the plaintiff in 1985. The claim is barred by the statute of limitations; regardless, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *S. v. D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 1149, 35 L.Ed.2d 536 (1973); *see also, Leeke v. Timmerman*, 454 U.S. 83, 102 S.Ct. 69, 70 L.Ed.2d 65 (1981).

■ (19) In *Pusch v. McFarland Zone Center*, Case Number 93–3017, the plaintiff sues the McFarland Zone Center, evidently a hospital or residential treatment center, and several of its staff members. The plaintiff contends that she was not allowed to vote in March 1992. The plaintiff does not indicate how the defendants prevented her from voting; furthermore, a private corporation does not act under color of state law and thus cannot be held liable under 42 U.S.C. § 1983. *See Ezpeleta v. Sisters of Mercy Health Corp.*, 800 F.2d 119 (7th Cir.1986).

(20) In *Pusch v. James Edgar*, Case Number 93–3020, the plaintiff sues Illinois' governor for his alleged participation in the

"electrical invasion" described in Case Number 93–3006 (discussed *supra*).

For the reasons stated above, the plaintiff will not be allowed to proceed on her chimerical allegations. The plaintiff's petitions for leave to proceed *in forma pauperis* in each of her twelve new cases will be denied; furthermore, each of the complaints will be dismissed with prejudice.

■ As a final concern, the plaintiff is hereby enjoined from filing any documents in the future without first obtaining leave of court. Access to the federal courts is not intended to provide a diversion or harassment tool for bored people. "Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Matter of Davis*, 878 F.2d 211, 212 (7th Cir.1989), *citing In re McDonald*, 489 U.S. 180, 184 n. 8, 109 S.Ct. 993, 996 n. 8, 103 L.Ed.2d 158 (1989).

The plaintiff's meritless lawsuits, marked by numerous and repetitive pleadings, as well as frivolous motions to appeal the court's dismissals, consume a vast amount of the court's limited time and resources. The plaintiff's lawsuits divert attention from other pending matters, including legitimate *pro se* proceedings. In addition, the plaintiff has placed a heavy burden on the Clerk, engaging in disruptive behavior in the Clerk's Office for hours at a time. The plaintiff has ignored the court's previous admonitions to show restraint in her filings. Bearing in mind the plaintiff's constitutional right of access to the courts, the court hereby enters the following regulatory injunction:

The plaintiff is barred from filing any future lawsuits, letters, pleadings, or motions unless she first obtains leave of the court to file a given document. Any motions for leave to file must either: (a) be prepared and filed by a licensed attorney or (b) if filed by the plaintiff *pro se*, must be accompanied by a memorandum of law in

---

**1.** As in many of the plaintiff's cases, it is unclear who the defendant(s) to this action are. The captions do not match the "Parties" section of the complaints; the listed "parties" often are not discussed in the body of the complaint or are referred to as witnesses rather than defendants; the Marshal's service forms do not necessarily correspond with the named defendants.

388

support of the plaintiff's claims. The memorandum must include an affidavit certifying that the claims the plaintiff wishes to present are new and have never before been raised in any court are not barred by the statute of limitations. *Lysiak v. C.I.R.*, 816 F.2d 311 (7th Cir.1987); *Green v. Warden, U.S. Penitentiary*, 699 F.2d 364 (7th Cir.1983).

In short, the plaintiff must research the basis for her motions and lawsuits BEFORE seeking leave to file. While the court has sympathy for the plaintiff, who appears sincerely to believe that she has been a victim of persecution and neglect, federal litigation is not the answer to the plaintiff's problems. Although the court has been reluctant to impose monetary sanctions in the past, the court will no longer hesitate to do so if bombarded with future frivolous pleadings or motions.

IT IS THEREFORE ORDERED that the plaintiff's pleadings for leave to proceed *in forma pauperis* in the above-captioned causes are DENIED.

IT IS FURTHER ORDERED that each of the above-captioned complaints is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Brenda Pusch is ENJOINED from filing any document with the Clerk without first obtaining leave of court to do so. Any motion for leave to file must be accompanied by the proposed pleading and must either: (a) be prepared and filed by a licensed attorney on behalf of the plaintiff, or (b) if filed by the plaintiff *pro se*, include a memorandum of law in support of the motion showing that the plaintiff has researched her claim and has a meritorious cause of action not barred by the statute of limitations, as well as an affidavit certifying that the claim has never before been brought in any court.