7 F.3d 238
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Patrick VAUGHN, Plaintiff-Appellant,
v.
Michael PETTY, John Doe 1, John Doe 2 and John Doe 3, in
their individual and official capacities,
Defendants-Appellees.
 No. 91-1590.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 24, 1993.*
Decided Sept. 27, 1993.
 
 Before BAUER, Chief Judge, and POSNER and FLAUM, Circuit Judge.
 
 ORDER
 
 1
 Judge Dillin dismissed Patrick Vaughn's section 1983 civil rights action (filed on February 13, 1991) against several Marion County jail officers as time-barred. See Wilson v. Garcia, 471 U.S. 261 (1985); Loy v. Clamme, 804 F.2d 405 (7th Cir.1986). On appeal Vaughn claims that Judge Dillin's order in an unrelated lawsuit insured the timeliness of the present action.
 
 
 2
 Vaughn makes no claim that the statute of limitations did not begin to run on December 1, 1988, the date that Vaughn claims he was injured. Rather, Vaughn argues that the present action is not untimely because he "filed a previous complaint with the court," and the court issued an order permitting him to file a new action and "did not state any special time limitation period" within which to do so. He cites no cases and makes no effort to further explain this stark assertion.
 
 
 3
 Vaughn initially sought to raise his civil rights claim in a lawsuit that had then been pending for more than seventeen years.[1] Judge Dillin did not permit the claim to be litigated in that case and suggested that Vaughn file a new suit. See Order of January 29, 1990 in Case No. IP72-424-C. That order, of course, is not reviewable in this appeal. See Fed.R.App.P. 3(c) (the notice of appeal shall identify the order or judgment appealed). Appellant has offered no authority and we cannot perceive any reason to toll, or otherwise estop the application of, the two-year limitations period. See Pelfresne v. Village of Williams Bay, 917-F.2d 1017, 1023 (7th Cir.1990) (litigant required to support his argument with pertinent authority or show why it is sound despite a lack of supporting authority; this court will not research and construct legal arguments for the litigant). These events do not justify Vaughn's failure to timely file his lawsuit.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record alone pursuant to Rule 34(f)
 
 
 [1]
 Appellees advise us that the action, Marion County Jail Inmates v. Eads, et al., Case No. IP72-424-C, is a class action challenging the conditions of confinement in the Marion County jail that has been pending since 1972