46 F.3d 1133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Cecil A. BATES, Plaintiff/Appellant,
v.
J.W. HOLLIDAY, et al., Defendants/Appellees.
 No. 94-1643.
 United States Court of Appeals, Seventh Circuit.
 Submitted: Dec. 14, 1994.*
Decided: Dec. 20, 1994.
 
 Before BAUER, RIPPLE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Cecil Bates, an inmate at the Indiana Youth Center, appeals the district court's dismissal of his complaint, brought pursuant to 42 U.S.C. Sec. 1983, as frivolous because his claim is barred by the statute of limitations. See 28 U.S.C. Sec. 1915(d). We affirm.
 
 
 2
 Bates alleges that his Eighth Amendment rights were violated in August of 1989 when he was placed in handcuffs by the defendants and his right index finger was broken. The district court dismissed Bates' complaint, stating that under Indiana's statute of limitations and the decision in Wilson v. Garcia, 471 U.S. 261, 280 (1985), Bates would have had to file his claim either five years from the claim's accrual or two years after Wilson was decided, whichever period is shorter. See Loy v. Clamme, 804 F.2d 405, 407 (7th Cir. 1986). The rule of law employed by the district court only applies to actions that accrued before Wilson was decided (April 17, 1985). As the district court noted, Bates' action accrued no later than the end of 1989.[1] Wilson was effective at the time this action accrued and therefore Bates was subject to Indiana's two year limitations period. Wilson, 471 U.S. at 279 (Sec. 1983 actions are subject to statute of limitations governing personal injury claims in state where injury occurred); see Ind. Code Sec. 34-1-2-2(1) (two year statute of limitations in Indiana).[2]
 
 
 3
 Bates' claim does not meet Indiana's two-year limitations period. This Sec. 1983 action was not filed until February of 1994, more than four years from the claim's accrual, and therefore we AFFIRM the district court's judgment.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 We note that Bates notified the Commissioner of Corrections and the Office of the Attorney General of his claim in September of 1989, and that his claim was denied in December of 1989
 
 
 [2]
 Bates claims that Sec. 34-1-2-2(2), which provides a five year statute of limitations for actions against public officers, applies to his claim. Wilson directs that the personal injury statute of limitations be applied. Wilson, 471 U.S. at 280. In Indiana, that limitations period is two years. Ind. Code Sec. 34-1-2-2(1); see Loy, 804 F.2d at 407