**In re the Matter of Barbara R. BURNS.**

**No. CX-95-141.**

Supreme Court of Minnesota.

Jan. 19, 1996.

Hubert H. Humphrey, III, Atty. Gen., John S. Garry, Asst. Atty. Gen., St. Paul, for appellant.

Barbara R. Burns, Apple Valley, pro se.

OPINION

COYNE, Justice.

On petition of Kevin S. Burke, Chief Judge of the Hennepin County District Court, we review a decision of the court of appeals reversing the district court's declination to honor a notice to remove filed by respondent Barbara R. Burns, reversing the district court's order restricting Burns' communications with the court for a period of 365 days, and remanding to the district court for a full adversarial hearing on the merits of the or-

der to show cause. *In Re Burns,* 538 N.W.2d 162 (Minn.App.1995). We grant the petition and because we view the order of the district court as a matter within its discretionary authority, we reverse the court of appeals and reinstate the district court order.

The facts and procedural history are accurately detailed in the decision of the court of appeals and need not be repeated here. It is sufficient to note that petitioner, in his capacity as chief judge of the district court, an office which entails considerable supervisory authority, issued an order to show cause demonstrating with particularity the factual basis for inquiry into why Burns' communications with the court should not be restricted. Included in the order and the memorandum attached to it were a lengthy procedural description of the nine actions commenced by Burns within the district "in the recent past" and a description of Burns' multiple communications with the court by various means.

Also included in the order and memorandum was a statement identifying the objective of the order: that the court was prepared to provide Burns with a "fair opportunity" to show cause why no action should be taken, but that the court viewed her conduct as "serious" and that it would "not hesitate to protect taxpayers of this county, the employees of the court and potential victims of vexatious or frivolous claims." In essence, Burns was directed to show cause why she should not be required, as are other litigants, to communicate with the court in writing and in the manner specified by the Rules of Civil Procedure.

At the hearing on the order to show cause, continued once to allow Burns to retrieve a tape recording she claims to have made of one of her multiple telephonic communications with court personnel, Burns still did not produce her claimed "evidence" and, as is evident from the resulting district court order, could not show cause why she should be permitted the unauthorized communications. Moreover, she admittedly violated an interim order designed to limit communications, issued on December 22, 1994, by telephoning court personnel and transmitting a document by facsimile.

While correctly acknowledging the inherent judicial authority of the district court to enjoin actions which disrupt the regular operation of the courts if "doing so is necessary to the performance of the judicial function," the court of appeals then misapprehended the standard by which to review the district court's exercise of discretion.

It is our view that, as it had indicated in the order to show cause, the district court fully provided Burns with the "fair opportunity" to demonstrate why she should be permitted the continued latitude in communicating with that court. We add that while our decision in *In Re Clerk of Lyon County,* 308 Minn. 172, 241 N.W.2d 781 (1976) deals with the necessity of a full adversarial hearing in the context of an adversarial proceeding, this matter involves neither such an adversarial proceeding nor a justiciable controversy. Instead it may best be characterized as an exercise of the district court's authority to enforce the Rules of Civil Procedure and to maintain order and decorum in the operation of the court system. As such, we conclude that the order of the district court constitutes a proper exercise of its discretion and is therefore reinstated.

Our decision today is but one of a growing number of cases throughout the country in which courts have imposed limitations on either communication with the court or, in some cases, with filing of actions. *See Burns v. Minnesota,* 61 F.3d 908 (8th Cir.1995) (unpublished disposition); *Goodman v. Ballou,* 1994 WL 792365 (5th Cir., Nov. 1, 1994) (not reported in F.3d); *Nutter v. Wefald,* 885 F.Supp. 1445 (D.Kan.1995); *Pusch v. Social Sec. Admin.,* 811 F.Supp. 383 (C.D.Ill.1993). The court of appeals itself has restricted Burns' communications, issuing three separate orders directing that all submissions to the court take the form of a proper motion or petition filed with the clerk of appellate courts with proof of service. *See Sati v. Burns,* C3–94–729 (Minn.App., filed April 27, 1994); *Sati v. Burns, Id.* (Minn.App., filed May 10, 1994); *Burns v. Aon,* C8–94–1696 (Minn.App., filed Nov. 20, 1994). The order at issue here is no more onerous than those issued by the appellate court.

Burns, appearing pro se, has filed a series of motions to stay these proceedings and other motions, offering no authority in their support and the motions are in all respects denied. We take this opportunity to comment that there exist Rules of Civil Procedure and Rules of Civil Appellate Procedure which define the methods by which litigants or counsel access the judicial system. The rules are comprehensive and definitive and do not authorize ex parte facsimile or telephonic communications of the apparent nature of those at issue here with individual judges, justices or court personnel.

Reversed and order of the district court reinstated.

KEITH, C.J., took no part in the consideration or decision of this case.