Kenneth DINGER and
Catherine Dinger

v.

CITY OF NEW ALBANY and
Dow O'Neal.

No. NA 85–257–C.

United States District Court,
S.D. Indiana,
New Albany Division.

Sept. 8, 1987.

Richard Heiderman, Jeffersonville, Ind., for plaintiffs.

Richard T. Mullineaux, Lee Buchanan, New Albany, Ind., for defendants.

STECKLER, District Judge.

This matter is before the Court upon the defendants' motion to reconsider and vacate an order pursuant to Fed.R.Civ.P. 59(e), or, in the alternative, to grant relief from the order pursuant to Fed.R.Civ.P. 60(b)(6). The Court, having considered the motion and the memorandums of law, now finds that the Court's order of June 22, 1987, *Dinger v. City of New Albany,* 662 F.Supp. 929 (S.D.Ind.1987), must be vacated.

The plaintiffs filed a complaint against New Albany police officer Dow O'Neal on January 2, 1985. The complaint asserts civil rights claims under 42 U.S.C. § 1983. The plaintiffs allege, in substance, that on January 22, 1983, defendant O'Neal arrested plaintiff Kenneth Dinger through unnecessary physical force. On June 6, 1985, the plaintiffs filed a voluntary notice of dismissal of the action. However, on July 11, 1985, the plaintiffs filed a new complaint which contained the same allegations against both O'Neal and the City of New Albany.

The plaintiffs' new complaint is barred by the statute of limitations. In *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the Supreme Court held that federal courts must apply the state statute of limitations for personal injury actions when attempting to determine the timeliness of a claim under § 1983. Indiana has a two-year statute of limitations for personal injury actions. Ind.Code § 34-1-2-2(1). Therefore plaintiffs' complaint is barred since it was filed on July 11, 1985, more than two years after the cause of action accrued on January 22, 1983.

The two-year statute of limitations applies even though the cause of action accrued before the Supreme Court decided the *Wilson* case on April 15, 1985. *Wilson* applies retroactively to bar this case. In determining that *Wilson* applies retroactively, the Court has considered the factors set forth by the Supreme Court in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 106–07, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971):

First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, ... or by deciding an issue of first impression whose resolution was not clearly foreshadowed.... Second, it has been stressed that "we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." ... Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity."

First, the Court finds that *Wilson* did not overrule clear precedent on which the plaintiffs may have relied in filing this action. One of the defendants in this case is the City of New Albany. Although a five-year statute of limitations applied in Indiana to § 1983 claims against public officers or officials, *see Blake v. Katter,* 693 F.2d 677, 680 (7th Cir.1982), a two-year statute of limitations applied to § 1983 suits against a governmental entity. *See Bell v. Metropolitan School District of Shakamak,* 582 F.Supp. 3, 6–7 (S.D.Ind.1983). Therefore, the plaintiffs' action—at least with respect to the City of New Albany—was subject to a two-year statute of limitations both before and after the decision in *Wilson.*[*]

Second, the Court finds that the retroactive application of the *Wilson* decision in

---

[*] The Court realizes that in *Loy v. Clamme,* 804 F.2d 405 (7th Cir.1986) the Seventh Circuit Court of Appeals made the broad statement that "an Indiana 'plaintiff whose § 1983 cause of action accrued before the *Wilson* decision, April 15, 1985, must file suit within the shorter period of either five years from the date his action accrued or two years after *Wilson.*'" *Id.* at 408 quoting, *Anton v. Lehpamer,* 787 F.2d 1141, 1146 (7th Cir.1986) *See also Dugan v. Ball State University,* 815 F.2d 1132, 1135 (7th Cir.1987) (repeating the statement). In *Loy,* however, all of the defendants were police officers; thus, the plaintiffs' action was subject to a five-year stat-

this case would neither promote nor retard the interests furthered by *Wilson*. Those interests are: "(1) safeguarding the rights of federal civil litigants; (2) achieving uniformity and simplicity; and (3) minimizing unnecessary collateral litigation." *Anton v. Lehpamer*, 787 F.2d, 1141, 1144 (7th Cir.1986) (citations omitted).

Finally, the Court finds that the retroactive application of the *Wilson* decision would not impose inequity upon the plaintiffs. The plaintiffs, in fact, initially filed a complaint in this case before the two-year statute of limitations had run. However, due to an apparent failure in service of process, the plaintiffs voluntarily dismissed the original complaint on June 6, 1985. By this time the *Wilson* case had been decided, and the Seventh Circuit Court of Appeals had not yet ruled that *Wilson* would not apply retroactively in certain cases. Under these circumstances it is not inequitable to bar the plaintiffs' action by a two-year statute of limitations.

Thus, the first and third *Chevron* factors favor retroactive application of *Wilson* in this case. Therefore this suit is governed by Indiana's two-year statute of limitations for personal injury, and under that limitations period the suit is time barred.

Accordingly, by reason of the foregoing the defendants' motion to vacate an order is hereby GRANTED and the Court hereby VACATES its order of June 22, 1987, which granted the plaintiffs' motion for relief from judgment.

IT IS SO ORDERED.

ute of limitations. Unfortunately the Court of Appeals used broad language in its conclusion, implying that *Wilson* could not be applied retroactively in any Indiana case. The Court of Appeals, in fact, borrowed the language from a case which decided the retroactivity of the *Wilson* decision in Illinois. *Anton*, 787 F.2d 1141. But, in Illinois all § 1983 actions had been subject to a five-year statute of limitations before *Wilson*. *See Beard v. Robinson*, 563 F.2d 331, 334 (7th Cir.1977), *cert. denied*, 438 U.S. 907, 98 S.Ct. 3125, 57 L.Ed.2d 1149 (1978). In Indiana,

where § 1983 actions had been subject to different statutes of limitations before *Wilson*, the Court must decide the retroactivity issue on a case-by-case basis rather than categorically. *See Carpenter v. City of Fort Wayne*, 637 F.Supp. 889, 892–97 (N.D.Ind.1986). Indeed, this seems to be the proper approach under *Chevron*. *See* 404 U.S. at 107, 92 S.Ct. at 355 ("[u]pon consideration of each of these factors, we conclude that the Louisiana one-year statute of limitations should not be applied retroactively *in the present case*.") (emphasis added).