**Theodore COOPWOOD, Plaintiff–Appellant,**

v.

**The LAKE COUNTY COMMUNITY DEVELOPMENT DEPARTMENT, et al., Defendants–Appellees.**

**No. 89–3310.**

United States Court of Appeals, Seventh Circuit.

Argued June 7, 1990.

Decided May 17, 1991.

___

**678**

Joseph Banasiak, Bamber, Bosch & Banasiak, Hammond, Ind., Ivan E. Bodensteiner, Valparaiso, Ind., for plaintiff-appellant.

Anna S. Rominger, Sendak, Sendak, Neff & Rominger, Crown Point, Ind., for defendants-appellees.

Before COFFEY and RIPPLE, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.

FAIRCHILD, Senior Circuit Judge.

Theodore Coopwood brought an action against the County of Lake, the Lake County Community Development Department (LCCDD), and Richard J. Hucker, individually and in his capacity as Director of the LCCDD, under 42 U.S.C. § 1981. Mr. Coopwood, who is black, was the low bidder on a number of rehabilitation projects, but defendants did not accept any bid. Mr. Coopwood alleged that defendants were racially motivated, although defendants contend that the rejection occurred for non-discriminatory reasons. Mr. Coopwood's cause of action accrued at least by September, 1984, and he filed his complaint on August 23, 1988. The district court held that the action was barred after two years. Mr. Coopwood appealed.

The issue is whether Indiana's two year personal injury statute of limitations or five year statute of limitations for an action against a public officer applies.[1]

In April, 1985, the Supreme Court decided "that § 1983 claims are best characterized as personal injury actions," and that a federal court should select, in each state, the state's statute of limitations for that type of action. *Wilson v. Garcia*, 471 U.S. 261, 275, 276, 280, 105 S.Ct. 1938, 1946, 1947, 1949, 85 L.Ed.2d 254 (1985). In June, 1987, the Supreme Court upheld the Third Circuit's application of the *Wilson* doctrine to an action under § 1981. *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660–64, 107 S.Ct. 2617, 2620–23, 96 L.Ed.2d 572 (1987).

The Indiana statute of limitations for injuries to the person allows two years,

---

**1.** The Indiana statute of limitations provides, The following actions shall be commenced within the periods herein prescribed after the cause of action has accrued, and not afterwards: (1) For injuries to person or character, [and] for injuries to personal property, ... within two [2] years. (2) All actions

against a sheriff, or other public officer, or against such officer and his sureties on a public bond, *growing out of a liability incurred by doing an act in an official capacity, or by the omission of an official duty, within five [5] years....*

Ind.Code Ann. § 34–1–2–2 (Burns 1986).

so that *Goodman* results in a two year limitation period for section 1981 actions in Indiana. Mr. Coopwood argues that *Goodman* should not apply retroactively to a § 1981 action in Indiana against a public officer. He contends his action was timely, having been filed within five years of accrual and within two years of the date *Goodman* was decided.

Although the usual rule is that decisions apply retroactively, *id.* at 662, 107 S.Ct. at 2621, in certain circumstances, retroactive application is inappropriate. In *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106–07, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971) (citations omitted), the Supreme Court enunciated three factors to consider in deciding whether to apply cases prospectively only:

First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. Second, it has been stressed that "we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity."

The first factor is the most significant in this case. We conclude that *Goodman* did not overrule clear precedent governing section 1981 actions in Indiana.

In 1984, when plaintiff's cause of action arose, there was clear precedent specifically applicable to section 1981 actions in Indiana. It called for applying Indiana's two year statute governing tort actions for injuries to person or character. *Movement for Opportunity and Equality v. General Motors Corp.*, 622 F.2d 1235, 1241–45 (7th Cir.1980). It is true that the action under consideration was against a private entity, but there was no court decision specifically dealing with a longer period of limitations for a section 1981 action in Indiana against a public officer. In 1982, however, this court had held that the five year Indiana statute for actions against public officers for acts in their official capacities was appropriate for a section 1983 action against a public officer. *Blake v. Katter*, 693 F.2d 677, 680 (7th Cir.1982); *accord Sacks Bros. Loan Co. v. Cunningham*, 578 F.2d 172, 176 (7th Cir.1978). Thus in 1984 there was at least a persuasive argument (though no explicit holding) that because of the relationship between sections 1981 and 1983, *Blake* must mean that the five year Indiana statute was appropriate for a section 1981 case against a public officer.[2] Indeed, in *Movement for Opportunity*, this court relied in part upon the proposition that the limitation period for a section 1981 action should be the same as for a section 1983 action. 622 F.2d at 1242.

The *Blake* holding, however, was overruled by the Supreme Court on April 17, 1985, in *Wilson*. We think an Indiana plaintiff could not rely on it after that, either as to a section 1981 or section 1983 action.

The opinion in *Wilson*, moreover, gave reason to doubt whether it would be appropriate for one statute of limitations to be selected for one subset of section 1981 actions and a different statute for another. The Court emphasized the need for uniformity within any one state, for reasons which would be applicable to section 1981 as well as section 1983 actions.[3] *Wilson*,

---

**2.** In three cases, District Courts in Indiana have explained that governmental entities are not public officials under the statute. *Dinger v. City of New Albany*, 668 F.Supp. 1216, 1217 (S.D.Ind. 1987); *Carpenter v. City of Fort Wayne, Ind.*, 637 F.Supp. 889, 894 (N.D.Ind.1986), *vacated, Baals v. City of Fort Wayne, Ind.*, 818 F.2d 33 (7th Cir.1987); *Bell v. Metropolitan School Dist. of*

*Shakamak*, 582 F.Supp. 3, 6–7 (S.D.Ind.1983). Assuming these decisions are correct, the public officer statute could apply only as to Mr. Hucker.

**3.** The Court explained,

If the choice of the statute of limitations were to depend upon the particular facts or the

471 U.S. at 274–75, 105 S.Ct. at 1945–46. Also, in discussion, the Court rejected the proposition that a section 1983 action be analogized to a cause of action for wrongs committed by public officials. *Id.* at 273, 279, 105 S.Ct. at 1945, 1948.

*Wilson* disrupted clear precedent with regard to section 1983 claims in Indiana, and therefore it has not been applied retroactively. *Loy v. Clamme,* 804 F.2d 405, 408 (7th Cir.1986). *Loy* held, because of *Blake,* that an Indiana plaintiff whose section 1983 cause of action against a public officer accrued before *Wilson* must file suit within the shorter of five years from the date his action accrued or two years after *Wilson. Id.* Assuming the same rule would apply to an Indiana section 1981 action, Mr. Coopwood was still late, because he filed more than three years after *Wilson.*

In order to succeed, Mr. Coopwood must establish that *Blake,* which applied the five year statute to an Indiana section 1983 action against a public officer, must mean that the same statute would be appropriate for a section 1981 action in Indiana against a public officer. This must rest upon the proposition that the period of limitations should be the same for both, and there is support for this proposition in *Goodman.* He must, however, also establish the wholly illogical proposition that when *Wilson* overruled *Blake* as to a section 1983 action, it left it in force as to section 1981 actions even though that implication rests upon the proposition that within any state the period of limitations should be the same.

Mr. Coopwood relies on two decisions, both dealing with Illinois actions. In *Nazaire v. Trans World Airlines, Inc.,* 807 F.2d 1372, 1380 n. 5 (7th Cir.1986), *cert. denied,* 481 U.S. 1039, 107 S.Ct. 1979, 95 L.Ed.2d 819 (1987), this court declined to change the limitations period for Illinois section 1981 actions in light of *Wilson.* We said that the period for section 1981 and section 1983 actions need not be the same. This proposition does not survive *Goodman,* but in any event it negates the basis for applying *Blake* to a section 1981 action. We also relied on past consistent holdings "that in Illinois the statute of limitations for section 1981 claims is five years." There were no such holdings as to Indiana.

In the second case which Mr. Coopwood relies on, the court held that *Goodman* should not be applied retroactively in Illinois. *Smith v. Firestone Tire and Rubber Co.,* 875 F.2d 1325, 1326–28 (7th Cir.1989). In *Smith,* the court relied on *Nazaire* and the distinction it noted between the purposes of sections 1981 and 1983 to justify applying *Goodman* prospectively only. For the same reasons that *Nazaire* was not persuasive authority for Indiana, neither is *Smith.*[4]

We have determined that *Goodman* did not overrule clear precedent as to an Indiana § 1981 action against a public officer, and that is the factor first listed in *Chevron.* Considering the other two factors, we found no reason for limiting retroactivity in the case before us. The application of a two year period in the

---

precise legal theory of each claim, counsel could almost always argue, with considerable force, that two or more periods of limitations should apply to each § 1983 claim. Moreover, under such an approach different statutes of limitations would be applied to the various § 1983 claims arising in the same State, and *multiple periods of limitations* would often apply to the same case. There is no reason to believe that Congress would have sanctioned this interpretation of its statute. *Wilson,* 471 U.S. at 274–75, 105 S.Ct. at 1945–46 (footnotes omitted).

**4.** Mr. Coopwood has also called our attention to footnote 5 in a section 1981 case from Indiana. *Bailey v. Northern Indiana Public Service Co.,* 910 F.2d 406, 412 n. 5 (7th Cir.1990). We stated

that "we have held that *Goodman* does not apply retroactively," citing *Smith,* although *Smith* did not deal with an Indiana case, but with an Illinois case where there was clear precedent overruled by *Goodman.* This statement did not affect the outcome in *Bailey,* which was an Indiana action against a private entity, and a two-year statute applied whether *Goodman* was retroactive or not.

Pursuant to Circuit Rule 40(f), this opinion has been circulated among all Judges of this Court in regular active service. A majority did not favor a rehearing in banc on the question of applying *Goodman* retroactively herein. Circuit Judges Cummings, Cudahy, Flaum and Ripple voted to rehear in banc.

instant case is not inequitable. This court adopted the two year statute for Indiana section 1981 actions in 1980 in *Movement for Opportunity.* Once *Wilson* superseded *Blake,* a section 1981 plaintiff had no reason to rely on a period of limitations longer than two years.

Accordingly, the judgment of the district court is

AFFIRMED.

RIPPLE, Circuit Judge, dissenting.

A reasonable Indiana lawyer reading this court's decision in *Blake v. Katter,* 693 F.2d 677, 680 (7th Cir.1982), would have concluded that the five-year statute of limitations for actions against public officers applied to section 1981 claims against public officers. While that decision involved a section 1983 claim rather than a section 1981 claim, this court's opinion in *Blake* makes clear that the five-year statute of limitations applies to *all* actions against public officers. It reaches that conclusion not by relying on any analogy between section 1983 and section 1981 but by relying on the plain wording of the Indiana statute; it applies to " '[a]ll actions' " against a public officer. *Id.* (quoting Ind. Code § 34-1-2-2 (1976)).

*Wilson v. Garcia,* 471 U.S. 261, 271–75, 105 S.Ct. 1938, 1944–47 (1985), held that, with respect to section 1983 cases, one statute of limitations ought to govern all such actions arising in one state. However, that part of the Supreme Court's holding is sufficiently grounded in a discussion of the characteristics of section 1983 to give no significant guidance with respect to section 1981 cases. It was therefore quite appropriate for Indiana lawyers to continue to believe, after *Wilson,* that section 1981 cases were controlled by the five-year statute of limitations. This court's post-*Wilson* decision in *Nazaire v. Trans World Airlines, Inc.,* 807 F.2d 1372, 1380 n. 5 (7th Cir.1986), *cert. denied,* 481 U.S. 1039, 107 S.Ct. 1979, 95 L.Ed.2d 819 (1987), certainly reinforced that view. Accordingly, I conclude that the Supreme Court's decision in *Goodman v. Lukens Steel Co.,* 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987),

ought not be applied retroactively in Indiana, as this court has already concluded in *Bailey v. Northern Indiana Public Service Co.,* 910 F.2d 406, 411–12 (7th Cir. 1990). The plaintiff was required to file within the shorter of five years from the date his action accrued or two years after *Goodman. See Smith v. Firestone Tire and Rubber Co.,* 875 F.2d 1325, 1328 (7th Cir.1989).