Andrew James McCRUM, Plaintiff,

v.

**ELKHART COUNTY DEPARTMENT OF PUBLIC WELFARE, et al., Defendants.**

No. S92–97M.

United States District Court, N.D. Indiana, South Bend Division.

Oct. 26, 1992.

Reconsideration Granted Dec. 22, 1992.

Andrew James McCrum, pro se.

Barry A. Chambers, Elkhart, Ind., for Elkhart County Dept. of Public Welfare, Bud and Deloris Smith, Tracy Myzack, Steve Cleveland, Nella Darkwood, Celia Leaird.

Edward N. Kalamaros, South Bend, Ind., for Child Abuse Prevention Services, Goshen High School, Candy Yoder, Dori Keyser.

James J. Shea, Scott L. Bunnell, Fort Wayne, Ind., for Goshen Police Dept., Al Mackowiak.

Michael F. DeBoni, Goshen, Ind., for Elkhart County Circuit Court, Juvenile Dept., David C. Bonfiglio.

Robert T. Sanders, III, Elkhart, Ind., for Goshen High School, Dori Keyser.

David L. Saunders, Mark A. Armstrong, Goshen, Ind., for Goshen Police Dept., Al Mackowiak, David Saunders, Theresa Heamon.

David Michael Wallman, Deputy Atty. Gen., Indianapolis, Ind., for David C. Bonfiglio.

## MEMORANDUM AND ORDER

MILLER, District Judge.

This cause comes before the court on seven motions to dismiss or for summary judgment filed by most of the sixteen defendants in this 42 U.S.C. § 1983 cause of action. The plaintiff, Andrew James McCrum (an inmate at the Indiana Youth Center, convicted of child molesting) alleges that his Fourth, Eighth, Ninth, and Fourteenth Amendment rights were violated when the defendants came to his home and took his step-children into custody. The events he complains of occurred on October 3, 12, and 13, 1989, and led to court proceedings on January 17, 1990. He alleges that one of the children, Misty, was raped on March 4, 1990, while in protective custody at the Hoosier Girls Home in Elkhart, Indiana. He also alleges continuing violations by the Elkhart County Department of Public Welfare in restricting his and his wife's contacts with their children. Mr. McCrum seeks $10 million in damages, punitive damages, and injunctive relief. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

### I.

Mr. McCrum has requested appointment of counsel pursuant to 28 U.S.C. § 1915. The court must resolve the motion for counsel before addressing the disposi-

206

tive motions. *Gaines v. Lane*, 790 F.2d 1299, 1308 n. 11 (7th Cir.1986); *Brown–Bey v. United States*, 720 F.2d 467, 471 (7th Cir.1983).

 No constitutional right to counsel exists in a civil case. *Caruth v. Pinkney*, 683 F.2d 1044 (7th Cir.1982), *cert. denied*, 459 U.S. 1214, 103 S.Ct. 1212, 75 L.Ed.2d 451 (1983). Under 28 U.S.C. § 1915(d), a court may request an attorney to represent an indigent litigant. *Mallard v. U.S. District Court*, 490 U.S. 296, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989). In this circuit, "appointment" of counsel rests in the sound discretion of the district courts, *Hossman v. Blunk*, 784 F.2d 793, 797 (7th Cir.1986), "unless denial would result in fundamental unfairness impinging on due process rights." *LaClair v. United States*, 374 F.2d 486, 489 (7th Cir.1967); *accord McNeil v. Lowney*, 831 F.2d 1368 (7th Cir. 1987), *cert. denied*, 485 U.S. 965, 108 S.Ct. 1236, 99 L.Ed.2d 435 (1988). Courts do not intervene on plaintiff's behalf "as of course; they recruit lawyers for the parties only when the cases are colorable, the facts may be difficult to assemble, and the law is complex." *DiAngelo v. Illinois Dept. of Public Aid*, 891 F.2d 1260, 1262 (7th Cir. 1989). The Seventh Circuit Court of Appeals has articulated specific factors that district courts should consider in deciding whether to appoint counsel. *McKeever v. Israel*, 689 F.2d 1315 (7th Cir.1982); *Maclin v. Freake*, 650 F.2d 885 (7th Cir.1981); *Chapman v. Kleindienst*, 507 F.2d 1246, 1250 n. 6 (7th Cir.1974). The district court should consider:

(1) the merits of the indigent litigant's claim (whether there is a colorable claim);

(2) the nature of the factual issues raised in the claim, and whether the indigent litigant is in a position to investigate crucial facts;

(3) the need for legal counsel for cross-examination, particularly when a question of credibility exists;

(4) the indigent litigant's capability to present his own case; and

(5) the complexity of the legal issues.

*Maclin v. Freake*, 650 F.2d at 887–889. Of these factors, the court first should consider whether the claim is of sufficient merit. *McNeil v. Lowney*, 831 F.2d 1368 (7th Cir. 1987); *Childs v. Duckworth*, 705 F.2d 915, 922 (7th Cir.1983).

For the reasons that follow, the court concludes that most of the many claims in the complaint are without merit, and must be dismissed. What remains of the case is relatively straightforward, with manageable case law. Accordingly, the court denies the request for counsel. *See Jenkins v. Lane*, 977 F.2d 266, 270 (7th Cir.1992). Mr. McCrum, of course, remains free to try to retain counsel on his own.

II.

A.

There are sixteen named defendants, and the following parties have filed motions to dismiss or for summary judgment: (1) the Elkhart County Department of Public Welfare ("DPW"); (2) DPW Director Celia Leaird; (3) DPW Caseworkers Tracy Myzack, Nella Darkwood, and Steve Cleveland; (4) Bud and Delores Smith, foster parents; (5) the Goshen Police Department; (6) Detective Al Mackowiak of the Goshen Police Department; (7) Juvenile Referee David Bonfiglio; (8) Goshen Community Schools and counselor Doris Keyser;[1] (9) attorney David Saunders; and (10) Theresa Heamon.

Mr. McCrum responded to several of the motions.

B.

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of complaints that state no actionable claim. When reviewing *pro se* complaints, the court must employ standards less stringent than if the complaint had been drafted by counsel. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The complaint's factual allegations will be taken as true and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Dismissal is appropriate if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

"[F]or the purposes of determining whether the complaint states a claim, the facts alleged, plus reasonable inferences therefrom, are taken as true, and the ques-

1. Goshen Community Schools and Doris Keyser filed a motion for summary judgment; the other defendants all filed motions to dismiss.

tion is then whether on those assumptions the plaintiff would have a right to legal relief." *Bane v. Ferguson,* 890 F.2d 11, 13 (7th Cir.1989).

■ Even under the notice pleading of the Federal Rules of Civil Procedure and the liberal interpretation given to *pro se* pleadings, a complaint must include allegations respecting all material elements of all claims asserted; bare legal conclusions attached to narrated facts will not suffice. *Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir.1991); *Strauss v. Chicago,* 760 F.2d 765, 768 (7th Cir.1985). The court need not accept legal conclusions alleged in the complaint. *Nelson v. Monroe Regional Medical Center,* 925 F.2d 1555, 1559 (7th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 285, 116 L.Ed.2d 236 (1991).

As noted earlier, two defendants have moved for summary judgment. Because their arguments fail as a matter of law, the court need not discuss the separate standard that governs such motions.

### III.

For clarity's sake, the court addresses several motions which raise the same arguments. In some cases, the defendants raised more than one argument for dismissal. The court only addresses those arguments which dispose of the action.

### A.

■ All of the moving defendants raise the statute of limitations as a basis for dismissal. They note that the complaint was filed on April 3, 1992, but nearly all events alleged in the complaint occurred more than two years before that date. A two-year statute of limitations governs this case. *Dugan v. Ball State University,* 815 F.2d 1132, 1135 (7th Cir.1987). The complaint was filed formally on April 3, 1992, but several events, which may be unknown to defendants who did not examine the docket sheet, preceded that event.

Mr. McCrum tendered the complaint, together with his petition to proceed in *forma pauperis,* to the court on November 25, 1991; that original complaint listed both Mr. McCrum and his wife as plaintiffs, but was signed only by Mr. McCrum. On December 2, 1991, the court wrote Mr. McCrum, informing him of the need for Mrs. McCrum to sign the complaint and submit financial information in support of the petition to proceed in *forma pauperis.*

On December 23, a complaint signed by both plaintiffs was submitted, together with an affidavit concerning Mrs. McCrum's financial information.

Inexplicably, no further action took place with respect to the petition until February 13, 1992, when the court notified the plaintiffs of the defects in their service of process forms and the number of copies of the complaint submitted. Pursuant to Fed. Civ.R. 5, the court did not strike the complaint, but informed the plaintiffs that the complaint would be stricken if they did not cure the defects within forty-five days.

On February 27, Mr. McCrum cured the earlier deficiencies and submitted an "amended" complaint, in which he was the only plaintiff. On April 3, the court granted the petition to proceed *in forma pauperis,* the complaint was stamped "filed", and process issued.

■ Although the defendants were served with a complaint marked "filed" on April 3, and no doubt were unaware of the earlier proceedings with respect to complaint and the petition to proceed *in forma pauperis,* the complaint was timely filed. "[A] complaint is deemed 'filed' within the meaning of Fed.R.Civ.P. 3 for purposes of invoking the court's jurisdiction over an action when it is placed in the custody of the district court clerk." *Smith–Bey v. Hospital Adm'r,* 841 F.2d 751, 757 n. 5 (7th Cir.1988). Further, the statute of limitations is tolled during the pendency of a petition to proceed *in forma pauperis. Coulibaly v. T.G.I. Friday's Inc.,* 623 F.Supp. 860 (S.D.Ind.1985).

The motions on statute of limitations grounds must be denied. Those motions include the dismissal motions of defendants Al Mackowiak and (in part) Elkhart County Department of Public Welfare, Celia Leaird, Bud Smith, Delores Smith, Nella Darkwood, Tracy Myzack, and Steve Cleveland, and the summary judgment motion of Goshen Community Schools and Dori Keyser.

### B.

■ The Goshen Police Department moves to dismiss because Mr. McCrum's complaint alleges no policy or practice that caused any deprivation of his constitutional rights. A local governmental entity may not be sued under § 1983 for injury inflicted solely by its agents or employees; a governmental entity becomes liable only when the execution of the entity's policy or

custom inflicts the injury. *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Accordingly, to state a cause of action against a governmental entity, a plaintiff must allege facts which, if true, would show that the governmental entity deprived him of a constitutionally protected right and that the deprivation was caused by a municipal policy or custom. *Leahy v. Board of Trustees*, 912 F.2d 917 (7th Cir.1990).

Mr. McCrum's complaint alleges no policy or custom. It alleges only that "Goshen police" took Mrs. McCrum and two of her daughters to the police department, where a police officer took a statement, coaching the child in the process. It further alleges that the same police officer told Mr. McCrum he had to move out of his house or be thrown in jail, refused Mr. McCrum's request for a polygraph examination, and conducted an inadequate investigation. If these events occurred and violated Mr. McCrum's constitutional rights, they were not caused by any identifiable policy or custom of the Goshen Police Department. The Goshen Police Department is entitled to dismissal.

### C.

■■■■ Juvenile Referee David Bonfiglio is entitled to dismissal on grounds of judicial immunity. Judicial officers are absolutely immune from suit for the performance of their judicial duties. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). The acts alleged in the complaint were within the judge's jurisdiction and were performed in his judicial capacity. *Dellenbach v. Letsinger*, 889 F.2d 755 (7th Cir.1989), *cert. denied*, 494 U.S. 1085, 110 S.Ct. 1821, 108 L.Ed.2d 950 (1990). Judicial immunity does not extend to injunctive relief, *Pulliam v. Allen*, 466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984), but, since this court has no authority to remove Judge Bonfiglio from his office, Mr. McCrum seeks no injunctive relief that could be granted with respect to Judge Bonfiglio.

■■■■ The complaint speaks of a conspiracy between Judge Bonfiglio and welfare workers, but even a *pro se* plaintiff must allege something in the way of facts before his allegations of conspiracy may be deemed to state a claim. *Tarkowski v. Bartlett Realty Co.*, 644 F.2d 1204, 1208 (7th Cir.1980). Mr. McCrum did not do so.

*See also House v. Belford*, 956 F.2d 711 (7th Cir.1992) (person may not be sued for conspiring to commit an act he may perform without liability).

Judge Bonfiglio's motion to dismiss must be granted.

### D.

■■■■ Defendants David Saunders and Theresa Heamon argue that dismissal is appropriate for them because the complaint fails to allege that they acted under color of state law, an essential element of a 42 U.S.C. § 1983 action.

To prevail on a claim under § 1983, a plaintiff must establish (1) that he held a constitutionally protected right; (2) he was deprived of that right in violation of the Constitution; (3) the defendants intentionally caused the deprivation; and (4) the defendants acted under color of state law. *Patrick v. Jasper County*, 901 F.2d 561, 565 (7th Cir.1990); *Donald v. Polk County*, 836 F.2d 376, 379 (7th Cir.1988). The complaint does not allege that defendants Saunders and Heamon acted under color of state law; indeed, they complaint does not allege any conduct on their part. They must be dismissed.

### E.

■■■■ For the same reasons, defendants Bud and Delores Smith are entitled to dismissal. Unlike defendants Saunders and Heamon, the complaint contains specific factual allegations against the Smiths, who serve as foster parents of Mr. McCrum's stepchildren. Nonetheless, the defendants must have acted under color of state law to be liable under § 1983, and the court does not believe that foster parents act under color of state law. *See generally K.H. Through Murphy v. Morgan*, 914 F.2d 846, 852 (7th Cir.1990).

### F.

■■■■ The Elkhart County Department of Public Welfare claims immunity from suit under the Eleventh Amendment, which bars damage suits against the states, including state officials in their official capacities. *Kashani v. Purdue University*, 813 F.2d 843, 845 (7th Cir.), *cert. denied*, 484 U.S. 846, 108 S.Ct. 141, 98 L.Ed.2d 97 (1987). The county welfare department is a state agency under Indiana law. IND. CODE 12–1–2–1. Accordingly, the welfare department is entitled to dismissal.

## G.

 Elkhart Department of Public Welfare employees Celia Leaird, Nella Darkwood, Tracy Myzack and Steve Cleveland seek dismissal on two grounds. First, because the welfare department is a state agency and they are its employees, they contend that any claims against them in their official capacities must be dismissed. The court agrees. State officials sued in their official capacities are not "persons" for purposes of 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). The court agrees.

 Further, the welfare workers are absolutely immune from liability in their individual capacities for testimony in child custody cases and for other steps taken to present the case for decision by the court. *Millspaugh v. County Dept. of Public Welfare*, 937 F.2d 1172, 1176 (7th Cir.), *cert. denied*, — U.S. —, 112 S.Ct. 638, 116 L.Ed.2d 656 (1991). The welfare workers also are immune to the extent the defendants were executing orders from the state court. *Scott v. O'Grady*, 975 F.2d 366 (7th Cir.1992).

 In this circuit, welfare workers have only qualified immunity in gathering information to present to the court and in initiating child custody proceedings and in obtaining initial custody of the children. *Millspaugh*, 937 F.2d at 1176. Under the doctrine of qualified immunity, government officials performing discretionary functions are immune from suit for damages under § 1983 if their conduct did not violate clearly established rights of which a reasonable official would have known at the time of the conduct. *Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). The only such allegation relates to the alleged warrantless visit to the McCrum home by Ms. Darkwood the day after Mr. McCrum moved out to take Mr. McCrum's stepdaughter Andrea into custody.[2] Because the court cannot ascertain, at this stage of the proceedings, the facts surrounding the taking of Andrea into custody, the court must deny Ms. Darkwood's motion to dismiss with respect the individual capacity claim against her based on that

event. *See generally McMath v. City of Gary, Indiana*, 976 F.2d 1026, 1031 (7th Cir.1992). She may, of course, proceed immediately with a summary judgment motion supported by evidentiary material demonstrating the facts on which her qualified immunity claim is based.

The complaint makes no claim as to the other defendant welfare employees as to which they would not have absolute immunity. They are entitled to dismissal of all claims against them.

## IV.

For the foregoing reasons, the court now:

A. DENIES the motion to dismiss filed by defendant Al Mackowiak;

B. DENIES the summary judgment motion of defendants Goshen Community Schools and Dori Keyser;

C. GRANTS the motion to dismiss of the Goshen Police Department;

D. GRANTS the motion to dismiss of defendant David Bonfiglio;

E. GRANTS the motion to dismiss of defendant David Saunders;

F. GRANTS the motion to dismiss of defendant Theresa Heamon;

G. GRANTS the motion to dismiss of defendants Bud and Delores Smith;

H. GRANTS the motion to dismiss of defendant Elkhart County Department of Public Welfare;

I. GRANTS the motion to dismiss of defendants Celia Leaird, Tracy Myzack and Steve Cleveland;

J. GRANTS the motion to dismiss of defendant Nella Darkwood in her official capacity and with respect to all claims other than the individual capacity claim concerning her taking of the plaintiff's stepdaughter, Andrea, into custody, as to which individual capacity claim the dismissal motion is DENIED.

SO ORDERED.

## MEMORANDUM AND ORDER

This cause is before the court on the motion of defendants Goshen High School and Dori Keyser for reconsideration of the

---

**2.** The court recognizes that this may have occurred after child custody proceedings already had begun in the juvenile court. Nonetheless, the complaint is silent on that point, and at this stage of the proceedings, the court must draw all reasonable inferences in Mr. McCrum's favor.

court's denial of their motion for summary judgment on October 26, 1992, 806 F.Supp. 203 (N.D.Ind.1992). Also before the court is defendant Nella Darkwood's motion for reconsideration of the court's denial of her motion to dismiss on October 26.

The plaintiff's § 1983 action against defendants Goshen High School and Dori Keyser is based upon a single incident which occurred on October 3, 1989, when the plaintiff alleges that Goshen High School counselor Dori Keyser entered his home without authority.

The plaintiff's claim against Ms. Darkwood is based upon incidents occurring on October 12 and 13, 1989. The plaintiff alleges that:

> October 12, 13, 1989—Nella Darkwood, D.P.W. caseworker, and Al Mackowiak came to my home and took April and Misty into custody. He told me that I would have to move out of my house, or he would throw me in jail. So, I did move out of my house, or he would throw me in jail.... The day after I moved out, and on the thirteenth, caseworker Nella Darkwood came to my house and took my youngest daughter, Andrea McCrum into custody, by reason of an emergency court order signed by Judge Gene Duffin.... Nella Darkwood forced her way into my home, she did not have a warrant to authorize her to come into my house.

Plaintiff's Comp., p. 7.

In *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the Supreme Court held that federal courts must apply the state statute of limitations for personal injury actions when attempting to determine the timeliness of a claim under § 1983. In Indiana, a two-year statute of limitations governs § 1983 actions. *Dugan v. Ball State University*, 815 F.2d 1132, 1135 (7th Cir.1987); IND.CODE § 34-1-2-2(1). The incident givng rise to the plaintiff's claims against Dori Keyser and Goshen High School occurred on October 3, 1989, and the incidents giving rise to the plaintiff's claims against Nella Darkwood occurred on October 12 and 13, 1989. The plaintiff's complaint was filed on November 25, 1991, more than two years after either incident. Thus, the plaintiff's action is time barred.

The plaintiff contends that a five-year statute of limitations applies to the instant case, citing *Dinger v. City of New Albany*, 668 F.Supp. 1216 (S.D.Ind.1987). In *Ding-*

*er*, the court addressed the issue of whether *Wilson v. Garcia* applied to § 1983 actions which accrued before *Wilson v. Garcia* was decided. The instant case accrued after *Wilson v. Garcia* was decided; therefore, *Dinger* is not on point. The court notes, however, that the *Dinger* court stated that Indiana has a two-year statute of limitations for § 1983 actions. *Dinger v. City of New Albany*, 668 F.Supp. at 1217.

The courts once recognized a five-year statute of limitations for § 1983 claims against Indiana's public officials or officers, *see Blake v. Katter*, 693 F.2d 677 (7th Cir.1982), but that limitations period was overruled by the Supreme Court in *Wilson v. Garcia*. *See Coopwood v. Lake County Community Dev. Dept.*, 932 F.2d 677, 679 (7th Cir.1991) ("The *Blake* holding, however, was overruled by the Supreme Court on April 17, 1985, in *Wilson*.").

Accordingly, the motion for reconsideration of defendants Goshen High School and Dori Keyser is GRANTED, and their motion for summary judgment, filed June 2, 1992, is GRANTED. The motion for reconsideration of defendant Nella Darkwood is GRANTED, and her motion to dismiss, filed August 7, 1992, is GRANTED.

SO ORDERED.