9 F.3d 113
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Byron LAPSLEY, Plaintiff/Appellant,
v.
UNEMPLOYMENT INSURANCE REVIEW BOARD OF the INDIANA
DEPARTMENT OF EMPLOYMENT AND TRAINING SERVICES, et
al., Defendants/Appellees.
 No. 93-1384.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 13, 1993.*
Decided Oct. 15, 1993.
 
 Before BAUER and MANION, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 Lapsley was discharged by his employer Burger King for failure to call or report to work in compliance with Burger King's policy. His claim for unemployment benefits was denied by the defendant Unemployment Insurance Review Board ("Review Board") on January 25, 1990. Lapsley appealed to the Indiana Court of Appeals which affirmed the Review Board's denial on September 4, 1990.
 
 
 2
 Lapsley, acting pro se, commenced this action on January 28, 1992 pursuant to 42 U.S.C. Sec. 1983 against the Review Board and its individual members,[1] alleging that the Review Board had discriminated against him because of his race. The district court granted summary judgment in the Review Board's favor, concluding that the statute of limitation had run and that, in any event, the claim was barred by the doctrine of judicial immunity. Lapsley appeals. We review the grant of summary judgment de novo and affirm the district court's judgment.
 
 
 3
 The applicable limitations period for a Sec. 1983 action is the state statute of limitations for personal injury suits. Wilson v. Garcia, 471 U.S. 261 (1985); Coopwood v. Lake County Community Development Dept., 932 F.2d 677 (7th Cir.1991). Indiana has a two-year statute of limitations for personal injury claims. Ind.Code Sec. 34-1-2-2 (1992). Therefore, Lapsley had two years to bring his Sec. 1983 claim in the federal court.
 
 
 4
 Lapsley argues that the limitations period did not begin to run until September 4, 1990 when the Indiana Court of Appeals affirmed the Review Board's decision. Accordingly, he would have until September 3, 1992 to file suit.
 
 
 5
 In determining when a Sec. 1983 action accrues, the proper focus is the time of the discriminatory act, Chardon v. Fernandez, 454 U.S. 6 (1981), which is when the plaintiff is injured. Diaz v. Shallbetter, 984 F.2d 850 (7th Cir.1993) (stating that Sec. 1983 claims accrue when injury is inflicted). That is, the accrual date is when the alleged discriminatory act occurred. Applied here, the alleged unlawful practice occurred on January 25, 1990 when the Review Board affirmed the decision to deny Lapsley unemployment benefits. Thus, Lapsley's Sec. 1983 action accrued on January 25, 1990, and he had until January 25, 1992 to bring suit.
 
 
 6
 The availability of a state appeals process had no effect on the accrual date. Kelly v. City of Chicago, No. 92-2783, slip op. at 7 (7th Cir. Sept. 7, 1993) (stating that the date of injury giving rise to a Sec. 1983 action is not postponed until the exhaustion of the state appeals process). Lapsley's alleged injury occurred at the time of the Review Board's decision. Although he understandably availed himself of the state appeals process, that choice cannot postpone the two-year limitation period for his alleged federal claim. Accordingly, Lapsley's Sec. 1983 action is time-barred.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Plaintiff-appellant has filed such a statement. Upon consideration of that statement the court has concluded that oral argument would not be helpful, and the appeal is submitted on the briefs and record
 
 
 [1]
 The named defendants were not members of the Review Board when the Board ruled on Lapsley's claim in 1990. Thus, they have no personal involvement in the denial of Lapsley's unemployment compensation benefits